In re Douglas L. HEINSOHN a/k/a Douglas Lylburn Heinsohn d/b/a Timberwinds Restaurant, Debtor.

Joseph B. Kirk, Plaintiff–Appellant,

v.

William T. Hendon, Defendant–Appellee.

No. 3:99–CV–256.

United States District Court, E.D. Tennessee, at Knoxville.

March 20, 2000.

---

1. See, Transcript of Proceedings had before The Honorable John M. Manos, June 1, 1999, pp. 8, 9, 11–20.

Martin B. Bailey, John A. Lucas, Hunton & Williams, Knoxville, TN, for plaintiff.

J. Mikel Dixon, Knoxville, TN, for defendant.

Richard S. Stair, Jr., Donna W. Temple, U.S. Bankruptcy Court, Knoxville, TN, for debtor.

### MEMORANDUM

COLLIER, District Judge.

This case is before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Tennessee. Plaintiff–Appellant Joseph B. Kirk appeals from an order of the bankruptcy court denying Kirk's Motion to Strike, denying Kirk's Motion to Remand and granting the motion of Defendant–Appellee William T. Hendon to dismiss (Rec. 22). For the following reasons, the Court will **AFFIRM** the judgment of the bankruptcy court.

## I. STANDARD OF REVIEW

■■■■ Jurisdiction to hear appeals from bankruptcy court is conferred by 28 U.S.C. § 158. In determining appeals from bankruptcy court, this Court sits as an appellate court, reviewing the bankruptcy court's findings of fact under a clearly erroneous standard, but conducting a de novo review of the bankruptcy court's conclusions of law. *Fed.R.Bankr.P.* 8013; *Nicholson v. Isaacman (In re Isaacman),* 26 F.3d 629, 630 (6th Cir.1994); *Harbour Lights Marina v. Wandstrat,* 153 B.R. 781 (S.D.Ohio 1993). However, the Court may overturn matters within the discretion of the bankruptcy court only for an abuse of discretion. *Fed.R.Bankr.P.* 8003; *American Imaging Services, Inc. v. Eagle–Picher Industries, Inc. (In re Eagle–Picher Industries, Inc.),* 963 F.2d 855, 858 (6th Cir.1992); accord *Investors Credit Corp. v. Batie (In re Batie),* 995 F.2d 85, 88 (6th Cir.1993).

## II. RELEVANT FACTS

On March 6, 1996, Plaintiff Joseph P. Kirk was indicted for bankruptcy fraud and conspiracy to commit bankruptcy fraud by the Federal Grand Jury for the United States District Court for the Eastern District of Tennessee. The indictment and subsequent prosecution of Plaintiff stemmed from a criminal referral by William T. Hendon, the bankruptcy trustee for the relevant estate of which Plaintiff was accused of defrauding and conspiring to defraud. Plaintiff went to trial and moved for judgment of acquittal after the government presented its proof. On November 25, 1996, the Honorable Leon Jordan granted the motion and Plaintiff was acquitted. On September 24, 1997, Plaintiff filed a malicious prosecution and defamation action in the Circuit Court for Knox County, Tennessee against Defendant Hendon, the bankruptcy trustee.

On October 15, 1997, Defendant Hendon filed a notice of removal to bankruptcy court. In response Plaintiff filed a motion to remand because the Defendant's notice did not include a statement indicating whether the removed action was core or non-core, and if non-core, whether the parties consent to the final entry of judgment by the bankruptcy judge. Plaintiff argued this omission was fatal and the bankruptcy court did not have jurisdiction. In the alternative Plaintiff claimed the case was appropriate for mandatory or discretionary abstention.

Defendant subsequently filed an amended notice of removal which included an allegation that the proceeding was a core proceeding. Defendant did not request leave of the court to file an amended notice, and the amended notice was filed after the 30 day time period allowed for removal. Plaintiff filed a motion to strike the amended notice because it was filed without Plaintiff's consent or leave of the court. Plaintiff further argued the court could not grant leave "because the amendment attempts to add an essential allegation to the notice of removal which cannot be added after the expiration of the statutory period of time for filing such notice."

Defendant then filed a motion to dismiss on the grounds of absolute immunity since

the Defendant claimed he was acting in his capacity as trustee and as an officer of the court in making the referral of Plaintiff for criminal prosecution. Defendant also claimed the alleged defamatory statements were made in the course of judicial proceedings so defendant had qualified immunity.

Prior to the bankruptcy court's ruling on these motions, Plaintiff filed a motion to withdraw the reference which was sent to the district court for disposition. All other matters were stayed pending the district court's ruling on the motion to withdraw the reference. The district court (Judge Jordan) denied the motion to withdraw the reference and instructed the bankruptcy court to rule on the pending motions.

The bankruptcy court (Judge Marcia Phillips Parsons) in an extensive, 42 page opinion, denied Plaintiff's motion to remand or for abstention and motion to strike, and granted Defendant's motion to dismiss (Rec. 22; *Kirk v. Hendon (In re Heinsohn)*, 231 B.R. 48 (Bankr.E.D.Tenn. 1999)). Plaintiff appeals those decisions.

## III. *DISCUSSION*

### A. Motion to Strike Amended Notice

■ Rule 9027 of the *Federal Rules of Bankruptcy Procedure* states in part that a notice of removal shall "contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core and, if non-core, that the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy judge." Plaintiff contends De-

fendant's original notice failed to allege an essential jurisdictional element and is therefore "fatally defective." Plaintiff contends removal statutes are strictly construed and essential jurisdictional allegations may not be added after the statutory period for filing a removal notice has expired. Defendant contends all the facts necessary to support a legal conclusion the case is a core proceeding were present, therefore failure to comply with the bankruptcy rule is not fatal and may be corrected, even after the 30 day time period for removal has expired.

Neither the parties nor the bankruptcy court was able to locate any case law on the exact issue in this case—whether failure to delineate the proceeding as core or non-core in the removal notice is a fatal jurisdictional defect. The Court's review of judicial opinions also failed to locate any cases on point. The bankruptcy court concluded the core/non-core statement was not a jurisdictional allegation. Rather, the bankruptcy court noted the bankruptcy removal statute, 28 U.S.C. § 1452(a),[1] authorizes removal if the district court has jurisdiction under 28 U.S.C. § 1334, the statute which sets forth the scope of bankruptcy jurisdiction. Section 1334 grants the district court original jurisdiction over "all cases under title 11" and "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *See* 28 U.S.C. § 1334(a) and (b)[2]. Thus, the bankruptcy court reasoned "a statement is an essential jurisdictional allegation for removal purposes under § 1452(a) only if it

---

1. 28 U.S.C. § 1452(a) provides:

 **Removal of claims related to bankruptcy cases**
 (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

2. 28 U.S.C. § 1334(a) and (b) state:

 **Bankruptcy cases and proceedings**
 (a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.
 (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

describes or set forth the basis for the district court's exercise of jurisdiction under § 1334" (Rec. 22 at 10–11; 231 B.R. at 53). The bankruptcy court further reasoned that a statement designating a proceeding as core or non-core only becomes pertinent after it has been established the proceeding falls within the district court's bankruptcy jurisdiction. "Therefore, while the core/non-core statement is relevant in ascertaining the extent of the bankruptcy court's authority ... it has no bearing on whether the district court has jurisdiction" and thus the failure to so state in the removal notice is only a technical defect which may be cured even after the time for removal has expired (*Id.* at 11; 231 B.R. at 54).

Plaintiff argues designating the proceeding as core or non-core must be jurisdictional, otherwise, consent would not be required for the bankruptcy court to enter orders in a non-core proceeding. Defendant argues removal petitions may be amended to add jurisdictional allegations where the facts justifying jurisdiction exist. The United States Court of Appeals for the Sixth Circuit has allowed amendments to cure jurisdictional defects when the underlying facts establishing jurisdiction indeed exist. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 164 (6th Cir.1993).

■■■■ In the Court's view, the bankruptcy court's decision on this issue was correct—designation of the proceeding as core or non-core is not jurisdictional. Simply because a proceeding is non-core does not mean the bankruptcy court does not have jurisdiction to hear the case, it simply determines the extent of the bankruptcy court's authority to issue final decisions. In the alternative, as Defendant argues and the bankruptcy court points out, even if the notice was jurisdictionally deficient, there were sufficient facts stated in the notice to support jurisdiction, thus the notice could be amended. The fact that Defendant did not ask leave of the Court

before amending the notice does not materially change the analysis. Although a motion would have been the preferred method, the Sixth Circuit in *Gafford* did not require the Defendant to file a formal amended petition for removal since any deficiencies in the petition had been cured by submitting affidavits at a hearing to determine jurisdiction. *See Gafford*, 997 F.2d at 164.

**B. Motion to Remand**

Plaintiff also challenges the bankruptcy court's jurisdiction in this case, claiming it is not a core proceeding, nor is it related to bankruptcy. The bankruptcy estate was closed before Plaintiff initiated his suit. According to Plaintiff, "a criminal referral by a bankruptcy trustee, which does not mention Mr. Kirk, but which precipitates an unsuccessful criminal prosecution does not have any relationship to a closed bankruptcy estate." Plaintiff argues the outcome of the malicious prosecution/defamation action against Mr. Hendon, the bankruptcy estate trustee, could not possibly have any effect on the debtor's rights, liabilities, options, or freedom of action and impacted the handling and administration of the bankruptcy estate. Defendant contends he made the referral for prosecution in the course of his duties as trustee, thus the proceeding is core. Plaintiff further argues there was no evidence Mr. Hendon made the criminal referral in the course of his duties as trustee and the bankruptcy court should not have simply accepted that assertion without evidentiary support.

■■■■ The term "core proceedings" generally encompasses those proceedings which would not exist at law in absence of the Bankruptcy Code and actions which would have no existence outside of a bankruptcy proceeding. A non-exhaustive list of examples of core proceedings is found in 28 U.S.C. § 157(b)(2).[3] This section gen-

---

**3.** 28 U.S.C. § 157(c) provides:

Core proceedings include, but are not limited to—

erally defines core proceedings to include those matters which relate to the administration of the bankruptcy estate, to all proceedings integral to the restructuring of debtor-creditor rights, and all proceedings in which the right to relief is created by Title 11. A proceeding is core if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.* 973 F.2d 474, 483 (6th Cir.1992), *cert. denied* 506 U.S. 1079, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993).

■■■■ A determination that a proceeding is not a core proceeding cannot be made solely on the basis that its resolution may be affected by state law. 28 U.S.C. § 157(b)(3). Determining whether a particular proceeding is core may involve an analysis of the nexus between the proceeding involving a state-law cause of action and the bankruptcy estate. *Mann v. Kreiss (In re Kreiss)*, 58 B.R. 999, 1004 (E.D.N.Y.1986). "To be a core proceeding, an action must have as its foundation, the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment, although of necessity there may be a peripheral state law involvement." *Acolyte Elec. Corp. v.*

*City of New York,* 69 B.R. 155, 173 (Bankr. E.D.N.Y.1986).

■■■■ The bankruptcy court determined the proceeding in this case was core, relying primarily on *Honigman, Miller, Schwartz & Cohn v. Weitzman (In re De-Lorean Motor Company)*, 155 B.R. 521 (9th Cir. BAP 1993). In that case, a creditor filed a malicious prosecution action against the debtor's Chapter 7 trustee, counsel for the trustee and the chairman of the debtor's creditors' committee. In discussing whether the action was core or non-core, the court stated:

> The action arises from the efforts of officers of the estate to administer the estate and collect its assets and therefore impacts the handling and administration of the estate. Although the ... action asserts a state law claim, as the functional equivalent of an action against the trustee, it is inextricably tied to the determination of an administrative claim against the estate and is similarly tied to questions concerning the proper administration of the estate. For these reasons, we determine that [the] action against [defendants] is within the scope of 28 U.S.C. § 1334(b) and a core proceeding within the scope of 28 U.S.C. § 157(b).

The bankruptcy court concluded Plaintiff's cause of action or malicious prosecution

(A) matters concerning the administration of the estate;

(B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

(C) counterclaims by the estate against persons filing claims against the estate;

(D) orders in respect to obtaining credit;

(E) orders to turn over property of the estate;

(F) proceeding to determine, avoid, or recover preferences;

(G) motions to terminate, annul, or modify the automatic stay;

(H) proceedings to determine, avoid, or recover fraudulent conveyances;

(I) determinations as to the dischargeability of particular debts;

(J) objections to discharges;

(K) determinations of the validity, extent, or priority of liens;

(L) confirmations of plans;

(M) orders approving the use or lease of property, including the use of cash collateral;

(N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

and defamation in this case would not have arisen but for Defendant's obligations and conduct as trustee, thus the proceeding was core. The court further found the fact that the estate had been fully administered did not change the decision since "[t]here is no bright-line rule dictating that once an estate has been fully administered a trustee cannot avail himself of the federal court's bankruptcy jurisdiction if he is subsequently sued for actions taken while administering the estate." (Rec. 22 at 25–26; 231 B.R. at 59).

The Court agrees the action in this case was a core proceeding. From all indications, Defendant made the referral in this case in the course of his duties as trustee of the relevant bankruptcy estate. The Court realizes Plaintiff challenges this assertion, however, as will be discussed below concerning immunity, the Court finds this argument without merit. Had there been no bankruptcy proceeding, the referral which Plaintiff contends was maliciously instituted, would not have taken place. The referral concerned *bankruptcy* fraud and was made pursuant to 18 U.S.C. § 3057 concerning *bankruptcy* investigations.[4] Thus the referral, on which Plaintiff's case turns, arises under the bankruptcy laws and would not exist independent of these laws. Accordingly, the proceeding is core. Since the Court has determined the proceeding is core, there is no need to address Plaintiff's alternative argument concerning abstention.

### C. Motion to Dismiss

 Finally, Plaintiff contends the bankruptcy court erred in dismissing this case based upon immunity of the trustee. A bankruptcy trustee is a fiduciary of the estate, its beneficiaries and the creditors. The law is fairly clear a trustee may be personally liable for intentional or negligent violations of his legal duties. *See Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir.1989). However a trustee is "entitled to broad immunity from suit when acting within the scope of [his] authority and pursuant to court order." *Id.* The discretionary acts of a trustee, when performed with the informed approval of the court and notice to the debtor, receive quasi-judicial immunity. *Id.* at 825; *see also Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir.1986) (bankruptcy trustee receives "derived judicial immunity" because he performs "integral part of the judicial process").

The personal liability of a trustee to third persons unconnected to the bankruptcy estate presents a more difficult question. However, even in this situation, courts have held trustees acting within the authority of their office are immune from personal liability. *See, e.g. Weissman v. Hassett*, 47 B.R. 462 (S.D.N.Y.1985) (family members of president of bankrupt company could not maintain action for libel, intentional infliction of emotional distress, and intentional interference with business relationship against bankruptcy trustee who named the family members in connection with an investigation of bankruptcy fraud).

 The question before the Court in this case is whether in a malicious prosecution action a bankruptcy trustee is entitled to absolute or qualified immunity for making a criminal referral. As the bankruptcy court noted, the United States Supreme Court has adopted a "functional" approach in determining whether an official is entitled to absolute immunity where a court looks to "the nature of the function performed, not the identity of the actor

---

4. 18 U.S.C. § 3057(a) provides in relevant part:

 Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganiza-

 tion plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed. . . .

who performed it." *Forrester v. White*, 484 U.S. 219, 229, 108 S.Ct. 538, 545, 98 L.Ed.2d 555 (1988). Absolute immunity is the exception rather than the rule, and has traditionally been reserved for those actors "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (judges performing judicial functions); *see also Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (same); *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (government officials engaged in adjudicative functions).

█ Furthermore, the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have been reluctant to extend the doctrine to other officials or other situations. As the Supreme Court has explained, "[t]he presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." *Burns v. Reed*, 500 U.S. 478, 486–87, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991). Thus, the Supreme Court has been "quite sparing in [its] recognition of absolute immunity ... and ha[s] refused to extend it any further than its justification would warrant." *Id.* (internal quotations and citations omitted).[5] The Court has also explained that "the official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Burns*, 500 U.S. at 486, 111 S.Ct. at 1939.

The Court agrees with the bankruptcy court the trustee's obligation to report perceived violations of federal law to the United States attorney and to cooperate with any ensuing investigation and prosecution is a task integral to the judicial process which must be immune from suits for money damages. Government officials must be free to execute their duties without the threat of lawsuits. If lawsuits, in particular malicious prosecution and defamation actions such as in this case, are allowed against trustees for making criminal referrals, trustees will be less inclined to perform these duties and will hesitate in the future to do so, thereby lessening the impact and defeating the purpose of the criminal referral statute.

Plaintiff contends there is no evidence Defendant was acting in his capacity as trustee when he made the criminal referral, thus he is not entitled to absolute immunity. The Court disagrees, and finds an analogy to the judicial immunity concept instructive in demonstrating why Plaintiff's contention is without merit.

█ It is well known judicial officers generally are absolutely immune from civil suits for monetary damages for their judicial actions. *See, e.g. Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). The rationale for granting judicial officers absolute immunity when they act in their judicial capacities is that judicial officers should be free to make controversial decisions and act upon their convictions without fear of personal liability. *Stump v. Sparkman*, 435' U.S. 349, 355–56, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978). There are two situations, however, in which judicial officers are not absolutely immune from potential liability. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12, 112 S.Ct. 286 (emphasis in original) (citations omitted); *see also Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir.), *cert. denied*, 522 U.S. 996,

---

**5.** For example, courts have generally been substantially less willing to grant absolute immunity to law enforcement officials performing investigative duties. *See, e.g., Pierson v. Ray*, 386 U.S. 547, 555, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) ("[t]he common law has never granted police officers an absolute and unqualified immunity"); *Malley v. Briggs*, 475 U.S. 335, 341–43, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (refusing to grant absolute immunity to police officer who inappropriately sought arrest warrant).

**246**

118 S.Ct. 560, 139 L.Ed.2d 401 (1997). Of relevance here is the first exception for actions not taken in the officer's official capacity.

■ The Supreme Court has explained that courts should focus on the "nature" and "function" of an act, and not the act itself, when deciding whether certain actions were taken in a judge's judicial capacity. *Mireles*, 502 U.S. at 13, 112 S.Ct. 286 (quoting *Stump*, 435 U.S. at 362, 98 S.Ct. at 1107). This functional approach typically turns on two factors. First, a court must determine whether an act is related to those general functions that are normally performed by a judicial officer. *Stump*, 435 U.S. at 362, 98 S.Ct. at 1107. Second, a court must assess whether the parties expected to deal with the judicial officer in the officer's judicial capacity. *Id.*

In this case, from all indications the bankruptcy was still ongoing at the time Defendant Hendon made the criminal referral. Plaintiff even alleges in his complaint that "At all times material to the criminal charges against Joseph B. Kirk, the defendant, William T. Hendon was the bankruptcy trustee for the relevant estate and the principal witness against the plaintiff herein" (Complaint, Attachment to Rec. 1, ¶ 4). Since the criminal referral concerned *bankruptcy* fraud and was made during and in relation to a *bankruptcy* proceeding by the trustee of the relevant estate, the logical inference is the trustee was acting pursuant to his statutory duty when making the criminal referral. The referral and subsequent testimony at the trial concerning the alleged bankruptcy fraud were acts related to those general functions that are normally performed by a bankruptcy trustee. There is no evidence nor any allegations Mr. Hendon took these acts because of some personal vendetta against Mr. Kirk or for some other reason unrelated to the bankruptcy.

Plaintiff contends the burden is on Mr. Hendon to demonstrate he was acting in his official capacity, but since the Court has determined absolute immunity applies in general to bankruptcy trustees who make criminal referrals, the burden shifts to Plaintiff to come forth with some evidence the trustee was acting outside the scope of his duties when performing this act. Just as a judicial officer who performs a judicial act is automatically entitled to immunity for that act absent some showing the judicial officer is not acting pursuant to his or her authority, so is a bankruptcy trustee who performs a statutory duty. The Court presumes such acts were a part of the trustee's duties unless Plaintiff initially alleges at the outset facts demonstrating otherwise.

### IV. *CONCLUSION*

The Court finds the bankruptcy court's opinion well researched and carefully thought out and analyzed. After a thorough review of the facts, legal arguments and relevant case law and statutory authority, the Court does not find any error in the bankruptcy court's decision and will therefore **AFFIRM** the bankruptcy court on all issues appealed.