**In re AGENT SYSTEMS, INC., Debtors.**

**Agent Systems, Inc., Plaintiff,**

**v.**

**Capital Metropolitan Transportation Authority, Defendant.**

**Bankruptcy No. 01–48402–DML–11.**
**Adversary No. 02–4225.**

United States Bankruptcy Court,
N.D. Texas,
Fort Worth Division.

Oct. 21, 2002.

William H. Alberts, Austin, TX, for Debtor/Plaintiff.

Michael R. Rochelle, Rochelle, Elrod & Hutcheson, Dallas, TX, for U.S. Trustee.

J. Robert Forshey, Forshey & Prostok, Fort Worth, TX, for Dallas Area Rapid Transit.

Michelle A. Mendez, Larson & King, Dallas, TX, for Defendant.

### MEMORANDUM OPINION

DENNIS MICHAEL LYNN,
Bankruptcy Judge.

On October 7, 2002, the court heard argument on Plaintiff's Motion for Remand and Motion to Abstain (the "Motion"). In considering the Motion the court has reviewed the Motion, Defendant's Response to Plaintiff's Motion to Remand and Motion to Abstain (the "Response"), Defendant's Supplemental Response to Plaintiff's Motion to Remand and Motion to Abstain (the "Supplemental Response"), the Reply of Agent Systems, Inc. to the Response of Capital Metropolitan Transport Authority to Agent System Inc.'s [sic]

Motion to Remand (the "Reply"), and Plaintiff's Supplemental Reply to the Response of Capital Metropolitan Transportation Authority to Agent System Inc.'s [sic] Motion to Remand (the "Supplemental Reply") as well as all other filings to date in this adversary proceeding and such additional pleadings in Plaintiff's underlying chapter 11 case as have been referenced in argument, the Motion, the Response, the Supplemental Response, the Reply and the Supplemental Reply. The court exercises jurisdiction granted to it by 28 U.S.C. §§ 1334(a), (b) and (c) and 157(a) and (b)(3). This matter is governed by FED. R. BANKR.P. 9014 (see FED. R. BANKR.P. 9027(d)), and this memorandum opinion constitutes the court's findings of fact and conclusions of law. FED. R. BANKR.P. 9014 and 7052.

## I. *Background*

In August of 2000 Agent System, Inc. ("Agent", "Debtor" or "Plaintiff"), entered into contract number 17125 (the "Contract") with Capital Metro Transit Authority ("CMTA" or "Defendant") by which Agent undertook to design, manufacture and install fare boxes in CMTA's buses and to produce accompanying software. Almost from the outset, Agent and CMTA were at odds over Agent's performance of the Contract. CMTA contends Agent has been unable to perform its obligations under the Contract. Agent (in this adversary proceeding) takes the position that CMTA determined approximately one year into the Contract that it wished to pursue different technology for its fare boxes and that CMTA has therefore anticipatorily breached the Contract and tortiously harmed Agent.[1]

The Contract, however, was in existence as of November 14, 2001, when Agent filed in this court for relief under chapter 11 of the Bankruptcy Code. CMTA suggests that it was the danger of CMTA's termination of the Contract for cause that led to the chapter 11 filing (Response, p. 7), and this is consistent with statements made by Agent on various occasions. In any case, the Contract was not terminated, and, on January 14, 2002, CMTA filed its motion pursuant to 11 U.S.C. § 365(d)(2) asking the court to direct Debtor to assume or reject the Contract. That motion was resolved by an agreement between CMTA and Debtor, pursuant to which Debtor undertook to file a motion to assume or reject the Contract by June 11, 2002.

On June 11, 2002, Debtor filed a motion seeking to assume the Contract. On June 24, 2002, while the assumption motion was pending, Agent commenced suit against CMTA (this adversary proceeding) in the 201st District Court of Travis County, Texas.

On July 22, 2002, CMTA filed a notice of removal with the District Court for the Western District of Texas. The suit was referred automatically to the Bankruptcy Court for the Western District of Texas. Thereafter CMTA filed a motion asking that venue of the suit be transferred to this district, and on August 20, 2002, Hon. Frank Monroe entered his order directing that it be so transferred.[2] On August 21, 2002, Plaintiff filed the Motion in the Bankruptcy Court for the Western District of Texas. Plaintiff, however, did not seek relief in connection with the Motion from Judge Monroe or attempt to delay transfer of venue of the adversary proceeding.

---

1. Agent is party to similar contracts, and involved in similar disputes, with other metropolitan transit authorities.

2. The Court's file contains no pleadings concerning the venue transfer, other than the Motion. Thus, it is unclear what, if any, proceedings occurred before Judge Monroe prior to entry of his order.

Rather the Motion remained pending upon transfer of the adversary proceeding to this court.

On September 3, 2002, CMTA filed the Response in the Bankruptcy Court for the Western District of Texas. CMTA refiled the Response in this court on September 6, 2002. In the Response, CMTA argued that abstention and remand were not appropriate in this adversary proceeding because, *inter alia*, of the relationship between the adversary proceeding and Debtor's motion to assume the Contract. That relationship, according to CMTA, made this adversary proceeding a core matter pursuant to 28 U.S.C. § 157(b)(2).

Thereafter Debtor and CMTA commenced discovery in connection with Debtor's motion to assume the Contract. Following several squabbles over discovery that the court was required to arbitrate, Debtor, on September 16, 2002, determined that it would abandon its effort to assume the Contract. The decision not to pursue assumption followed the determination that discovery in connection with the motion to assume would be broad enough to cover matters germane to this adversary proceeding. On September 24, 2002, Debtor agreed to entry of an order deeming the Contract rejected.

Meantime, on September 11, 2002, CMTA filed the Supplemental Response. CMTA had also filed (for notice purposes) a proof of claim on September 16, 2002. On September 27, 2002, the Contract having by then been rejected, CMTA filed its proof of claim for rejection damages in the amount of $5,500,000, representing the amount payable to Agent under the Contract.

On October 4, 2002, Plaintiff filed the Reply. In the Reply, Plaintiff argued that this adversary proceeding is not subject to the court's core jurisdiction. At the October 7, 2002, hearing, Plaintiff reurged this argument, noting that Defendant's argument in the Response was no longer valid, since the motion to assume the Contract was no longer pending. The day following the October 7 hearing, Plaintiff filed the Supplemental Reply and a request for a jury and took the position that the jury request would make it impossible for this court to preside over this adversary proceeding.

## II. *Discussion*

The court concludes that it must retain this adversary proceeding. First, Agent, as a debtor in possession, has submitted itself to this court's jurisdiction. Second, the adversary proceeding is a core proceeding and so not subject to mandatory abstention. Finally, the Motion was not timely, and so abstention under 28 U.S.C. § 1334(c)(2) is, any event, inappropriate. The court is also troubled by the apparent effort of the parties to manipulate jurisdiction over the adversary proceeding. Both Agent and CMTA have repeatedly avowed their desire to resolve their dispute. However, three months have been wasted fighting over which court should hear that dispute, though it is doubtful that either party could point to any reason why one forum would be more likely than another to achieve a just result.

In retaining jurisdiction over this matter, the court recognizes that this suit is likely to be time consuming and bitterly contested and that procedural issues (including Plaintiff's entitlement to a jury) may complicate its quick resolution (though the court is convinced it is best situated to bring this case promptly to judgment). The court also recognizes, as Plaintiff argued on October 7, that the instant jurisdictional dispute may haunt appeals of any judgment entered by it. Jurisdiction is not a matter of preference; were it so, the court would be happy to

decline a further role in this dispute. A court must retain and hear matters properly brought before it. *Meredith v. City of Winter Haven*, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9 (1943) (". . . [it is] the duty of the federal courts, if their jurisdiction has been properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment." (citations omitted)); *Sayers v. Forsyth Bldg. Corp.*, 417 F.2d 65, 73 (5th Cir.1969); *In re Lafayette Radio Electronics Corp.*, 8 B.R. 973, 975–78 (Bankr.E.D.N.Y.1981) (applying *Meredith v. City of Winter Haven* to cases under the Bankruptcy Code). The wishes of the judge or a litigant cannot supercede this duty. This court cannot shirk its responsibility.

### 1. *Debtor Submitted to this Court's Jurisdiction*

▪ This case is peculiar in that it is the *Debtor*, not Defendant, that seeks to keep this court from adjudicating the adversary proceeding. However, the Debtor does not have the same ability a third party might have to avoid this court's jurisdiction. Upon the filing of its chapter 11 petition, Agent became a debtor in possession. As such, it exercises the powers and performs the duties of a trustee. 11 U.S.C. § 1107.

A chapter 11 trustee (and, hence, a debtor in possession) is charged with the duty of liquidating the estate. 11 U.S.C. §§ 1106(a)(1) and 704(1). It is in the performance of this duty that Debtor is attempting to liquidate its claim against CMTA. It is also through its capacity as debtor in possession with the duties and powers of a trustee that Agent is able to pursue litigation belonging to the estate. 11 U.S.C. § 323(b). Thus, Agent is pursuing the adversary proceeding in its fiduciary capacity and for the benefit of its creditors.

Section 1107(a) of the Bankruptcy Code specifically reserves to the bankruptcy court the authority to set "such limitations or conditions" as it deems appropriate on the exercise by a debtor in possession of the powers of a trustee.[3] This provision is tantamount to submission by a debtor to the jurisdiction of the bankruptcy court to oversee its administration of the estate as debtor in possession.[4] It would be illogical to grant the bankruptcy court such power over the estate representative, yet, based only on the objection of the debtor in possession, deny that court jurisdiction to hear a suit which is property of the estate.

The authority of the court to control pursuit by a debtor in possession of causes of action which are property of the estate is reflected in decisions delegating to committees or others the authority to act as estate representative in the debtor's stead. If the debtor has an apparent conflict, as, for example, where a cause of action could be pursued against management, it is common for a bankruptcy court to direct that a party other than the debtor in possession handle the litigation. *See e.g. In re Patton's Busy Bee Disposal Serv., Inc.*, 182

---

**3.** This places the instant case in a different category from that discussed in *In re Southmark Corp.*, 163 F.3d 925 (5th Cir.1999), *cert. denied* 527 U.S. 1004, 119 S.Ct. 2339, 144 L.Ed.2d 236 (1999) in which the debtor was pursuing a professional on a malpractice claim following confirmation of a plan and after revesting of the property of the estate in the debtor (11 U.S.C. § 1141(b)). A debtor logically should not be deemed to submit itself to bankruptcy court jurisdiction to the extent it is dealing with other parties not in its capacity as debtor in possession and estate representative but rather on its own behalf.

**4.** Presumably, for example, the bankruptcy court could require under section 1107(a) that a debtor in possession initiate an adversary proceeding in a given forum.

B.R., 681, 684 (Bankr.W.D.N.Y.1995); *In re Carnegie International Corp.*, 51 B.R. 252, 254 (Bankr.S.D.Ind.1984) (discussing underpinnings of bankruptcy court's authority to appoint third parties to pursue litigation on behalf of debtor in possession). Given the court's power to strip the debtor in possession of the ability to liquidate claims of the estate when appropriate, the court clearly has the inherent power, where not prevented by the entitlement of third parties to trial in another forum, to retain and hear those claims itself.

While it is certainly reasonable that a bankruptcy court give deference to a debtor's choice of forum in the pursuit of litigation,[5] pursuant to section 1107(a) the judge supervising the reorganization case nevertheless may ultimately make the judgment whether or not he should exercise his power to hear a matter. Where, as here, the suit in question is (1) a significant potential asset; (2) intimately related to other core proceedings [6]; (3) potentially related to the debtor's ongoing business; (4) related to other disputes critical to the debtor's future; and (5) likely to be relevant to any plan, the decision to exercise jurisdiction and retain control of the adversary proceeding is obvious.

### 2. *The Adversary Proceeding is a Core Proceeding*

■ Upon the filing of CMTA's first proof of claim that, like the presently pending proof, arises from the Contract, the adversary proceeding could be treated by the court as a counterclaim. The bankruptcy court has core jurisdiction over counterclaims. 28 U.S.C. § 157(b)(2)(C);

*In re Baudoin,* 981 F.2d 736, 741 (5th Cir.1993); *In re Performance Nutrition, Inc.,* 239 B.R. 93, 99 (Bankr.N.D.Tex. 1999); *Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242, 1249 (3rd Cir. 1994); *Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727, 730, (M.D.Ga.1985). Although the filing of a proof of claim typically is the basis for the exercise of bankruptcy court jurisdiction over an objecting claimant, the unmistakable implication of Fifth Circuit precedent is that the filing of claim by a creditor will also affect a debtor's rights in regard to forum selection. *In re Jensen,* 946 F.2d 369, 374 (5th Cir.1991) (debtor-plaintiff loses right to jury trial where creditor-defendant files proof of claim, citing *In re Hallahan,* 936 F.2d 1496 (7th Cir.1991)).

Moreover, the court is persuaded that, by filing a motion to assume the Contract, Debtor triggered this court's core jurisdiction over other proceedings dealing with the same subject matter, including the adversary proceeding. The issues raised in the adversary proceeding would necessarily be intertwined with those raised in connection with assumption. As the assumption of an executory contract or unexpired lease is a core proceeding, the adversary should be treated as one as well. *Cf. In re PSINet, Inc.,* 271 B.R. 1, 9–39 (Bankr. S.D.N.Y.2001) (providing an exhaustive discussion of core jurisdiction over an adversary proceeding related to recharacterization of equipment leases).

That *Northern Pipeline Const. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) involved questions of state contract law does not change

---

**5.** The views of creditors also would be important. In the instant case, the creditors' committee has expressed no view about what forum is best suited to hear the adversary proceeding. The Court suspects it will be easier for the committee to monitor (or even intervene in) the adversary proceeding if it proceeds in the bankruptcy court.

**6.** The adversary proceeding was obviously related to the motion to assume the contract. It will also probably dispose of CMTA's claim.

this conclusion. In the first place, the jurisdictional scheme voided by the Supreme Court in *Marathon* involved a direct grant of jurisdiction to Article I bankruptcy courts. Under present law, bankruptcy jurisdiction is granted to Article III district courts, and there is only a discretionary referral of jurisdiction to the bankruptcy courts. *Compare Marathon*, 102 S.Ct. at 2875–76, *with* 28 U.S.C. § 157(a). Secondly, in the instant case, a public right is implicated in the assumption of the Contract (as well as in the liquidation of a claim belonging to the estate by the debtor in possession). Where, as here, assumption is intimately connected to the issues raised in an adversary proceeding, the adversary proceeding itself takes on the character of a core matter.

■ Though Debtor has abandoned its attempt to assume the Contract this is not material to the exercise of the court's jurisdiction. Once a court's jurisdiction attaches, the manipulations of a party cannot divest that court of jurisdiction. To hold that resolution of the motion to assume, whether by agreement, abandonment or otherwise, could affect this court's jurisdiction would encourage such manipulation. Just as FED. R. BANKR.P. 3006 allows the court to tailor an order permitting

withdrawal of a claim in order to preserve its jurisdiction,[7] so, too, here mere elimination of the motion to assume will not affect the core character of the adversary proceeding.

■ Finally, core proceedings are broadly defined in 28 U.S.C. § 157(b)(2). The examples given in that section are not exclusive. Rather, courts have held that a matter is a core proceeding if it is sufficiently related to the assets of the debtor or an adjustment of the debtor-creditor relationship. *Harley Hotels, Inc. v. Rain's International, Ltd.*, 57 B.R. 773, 780 (M.D.Pa.1985); *see, also, In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir.1999), *cert. denied* 527 U.S. 1004, 119 S.Ct. 2339, 144 L.Ed.2d 236 (1999). Debtor has repeatedly alluded to the critical role its dispute with CMTA plays in this chapter 11 case.[8] That dispute has affected Debtor's reorganization from the filing of the case to the present.[9] Thus, even if the adversary proceeding does not fall within one of the specified categories of section 157(b)(2),[10] it clearly meets the broader test for core matters.

Not only is the adversary proceeding a central part of this case, but issues it raises are likely to be of significance in other disputes critical to Debtor's restruc-

---

7. 9 Collier on Bankruptcy ¶ 3006.01 (15th ed. Rev.2002). *See, also,* former Bankruptcy Rule 305, preventing unilateral withdrawal of a claim (and, hence, elimination of a basis for jurisdiction) if a creditor "participates significantly in a case...." While these provisions support retention of jurisdiction over certain creditors, *In re Jensen*, 946 F.2d 369 (5th Cir.1991) suggests their application in the case at bar.

8. CMTA's claim appears to be the largest filed in the case.

9. Indeed, Debtor has repeatedly referred to its dispute with CMTA as a precipitating event in this case. Further, throughout this case,

Debtor and CMTA have often seemed engaged in battle simply for the joy of the fight. First, CMTA moved this court to compel assumption or rejection of the Contract; a motion strenuously opposed by Debtor. Next, Debtor moved to assume the contract, a motion equally strenuously opposed by CMTA. Finally, after countless hours of bickering (both in and out of Court), Debtor agreed not to assume, and then, ultimately, to reject, the Contract.

10. The adversary proceeding could not only fall under 28 U.S.C. § 157(b)(2)(C) but might fall within "adjustment of the debtor-creditor relationship." 28 U.S.C. § 157(b)(2)(O).

turing. Debtor must address similar disagreements with other transit authorities, including those of Dallas and Fort Worth, and the suit against CMTA is likely to require consideration in connection with confirmation hearings on Debtor's plan.[11]

### 3. *The Motion was not Timely*

 Plaintiff filed the Motion some 29 days after the notice of removal was filed. FED. R. BANKR.P. 9027(e)(3) requires that, within ten days after the filing of the notice of removal, a party file a "statement admitting or denying any allegation in the notice of removal that ... the proceeding is core or non-core [and whether] the party does or does not consent to entry of final orders or judgment by bankruptcy judge." While the substance of the Motion satisfies these requirements, it was not only filed outside the ten day period specified in Rule 9027(e)(3) but was filed *after* Defendant's motion to transfer venue and *after* entry of the order transferring venue. Since Plaintiff failed to comply with the timing requirements of Rule 9027(e)(3), the Motion was late. This is particularly significant because it is questionable whether this court may remand the adversary proceeding to the state court. This court agrees with the reasoning of the Ninth Circuit Court of Appeals in *In re U.S. Refining & Marketing Co., Inc.*, 210 F.3d 387, 2000 WL 14398 (9th Cir.2000) (decision published without opinion, text at 2000 WL 14398, 2000 U.S.App. Lexis 219) that only the court to which the action was removed (in the instant case the Bankruptcy Court for the Western District of Texas) may remand under 28 U.S.C. § 1452(b). But if this court were to decide

it must abstain, a procedural conundrum could result following remand.

Due to the transfer of venue, this case is distinguishable from *In re Southmark*, 163 F.3d 925 (5th Cir.1999), *cert. denied*, 527 U.S. 1004, 119 S.Ct. 2339, 144 L.Ed.2d 236 (1999) in which the Court of Appeals determined remand was not inconsistent with abstention (*Compare* 1 COLLIER ON BANKRUPTCY ¶ 3.05[4] (15th ed. rev.2002)). Because the Motion was untimely to seek remand it is likewise untimely to seek abstention. Being so, the test for mandatory abstention is not met. 28 U.S.C. § 1334(c)(2). By failing to comply with Rule 9027(d)(3) Plaintiff effectively waived any right it might have had to abstention.

### III. *Conclusion*

The court believes the reorganization process in this chapter 11 case is best served by its retention of this adversary proceeding. Plaintiff has presented no reason why another court would be better suited to try this case. There was no activity in the state court prior to removal. This court has already begun its education in the issues presented by the adversary proceeding. Having sought relief under chapter 11 of the Bankruptcy Code and having initiated this suit as debtor in possession, the conduct of the adversary proceeding is subject to the court's authority. Given the adversary proceeding's centrality in Debtor's reorganization, it is properly in this forum. Accordingly, the Motion is DENIED.

---

11. On October 7, Debtor argued that the plan process could proceed even with the adversary proceeding pending in another court. The plan is not now before the court. However, even accepting the statements of Debtor's counsel, it is difficult to see how this adversary proceeding will not require atten-

tion in connection with disclosure (11 U.S.C. § 1125) and determination of the best interest of creditors (11 U.S.C. § 1129(a)(7)) at least. Moreover, should the adversary proceeding settle, this court must approve the settlement. Fed. R. Bankr.P. 9019.