**In re Jeffrey A. BRYAN, Debtor.**

**Benjamin Chambers, Plaintiff,**

**v.**

**Robert B. Silliman, Defendant.**

**Bankruptcy No. 98–81514.**
**Adversary No. 03–9128.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

March 25, 2004.

---

Benjamin Chambers, Norcross, GA, pro se.

Henry F. Sewell, Jr., McKenna, Long & Aldridge, LLP, Atlanta, GA, for Defendant.

## ORDER

MARGARET H. MURPHY,
Bankruptcy Judge.

This adversary proceeding commenced when Defendant, Robert Silliman, Trustee, filed a Notice of Removal in this court and in the Superior Court of Cobb County. Bankruptcy Rule 9027. The filing of the Notice of Removal in the state court effected the removal of Plaintiff's claim for relief from the state court to the bankruptcy court. *Id.* Within ten days after the Notice of Removal was filed, Defendant/Trustee filed a motion to dismiss.

Plaintiff filed his "Opposition to Defendant's Motion to Dismiss" ("Opposition"). As a response to the motion to dismiss, it was filed more than ten days after service of the motion to dismiss, and, therefore, was not timely filed. BLR 7007–1(b). Plaintiff's Opposition contains a demand for remand. Thus, it will be treated as a motion for remand. Defendant has also filed a motion to strike discovery requests or, in the alternative, for a protective order. Plaintiff filed no response to that motion.

The facts underlying the dispute arose in the bankruptcy case of Jeffrey A. Bryan, Case No. 98–81514. That case was converted to a Chapter 7 case August 21, 2002, and Defendant was appointed as the Chapter 7 Trustee. At that time and prior to the conversion, Mr. Bryan had been proceeding *pro se,* and had filed numerous frivolous pleadings, most containing personal attacks against his former attorneys,

the U.S. Trustee, this court, the U.S. District Court and the Trustee. Those pleadings, however, were artfully drafted, as if by an attorney or by someone more experienced in preparing legal documents than Debtor appeared to be when he appeared in the courtroom for hearings in connection with his case. The volume of pleadings filed by Debtor was wasteful of court resources and was causing substantial, unnecessary administrative expenses, a source of legitimate concern for the Trustee. Unnecessary administrative expenses may reduce the dividends payable to unsecured creditors.

During the course of the administration of the estate, while acting as Chapter 7 Trustee, Defendant was provided with information in deposition testimony of Donald J. Grisewood, Mr. Bryan's former accountant, that Mr. Bryan was receiving, in connection with the bankruptcy case, assistance and possibly legal advice from Plaintiff, Benjamin Chambers. In order to curtail or retard further frivolous pleadings and in compliance with Trustee's obligation to report potential violations of the law,[1] Defendant/Trustee filed an Unlicensed Practice of Law Inquiry/Complaint Form ("Inquiry Form") with the State Bar of Georgia.

Approximately a month after Defendant filed the Inquiry Form, Plaintiff filed a complaint for libel and slander in the Superior Court of Cobb County. In that complaint, Plaintiff refers to the Inquiry Form filed with the State Bar by Defendant/Trustee and asserts that the statements contained in the Inquiry Form were false and constitute libel or slander under Georgia law. Defendant removed Plaintiff's claim to this court under Bankruptcy

---

1. Engaging in unlicensed practice of law is a misdemeanor under Georgia law, O.C.G.A. § 15–19–51. Additionally, members of the State Bar of Georgia are prohibited by the Code of Professional Responsibility from assisting in the unauthorized practice of law. Rule 5.5, Georgia Rules of Professional Conduct.

Rule 9027, and timely filed a motion to dismiss.

Defendant moves to dismiss under F.R.C.P. 12(b)(6), incorporated in Bankruptcy Rule 7012, on the grounds that Plaintiff's complaint fails to state a claim upon which relief can be granted because Defendant is entitled to absolute immunity under federal bankruptcy law and that Defendant's conduct is absolutely privileged under Georgia law. In his opposition to Defendant's motion to dismiss, Plaintiff asserts this proceeding is a not a core proceeding under 28 U.S.C. § 157, but appears to admit it is a non-core proceeding. Plaintiff also asserts that this court has no jurisdiction over this proceeding because it neither arises under Title 11 or in a case under Title 11, nor is it related to a case under Title 11. Plaintiff demands that this proceeding be remanded to state court. Plaintiff also asserts that, by failure to respond to Plaintiff's requests for admission, Defendant has admitted all the facts of Plaintiff claim, and that Defendant has failed to file an answer to the complaint, thus entitling Plaintiff to a default judgment against Defendant. Finally, Plaintiff threatens that if this court rules unfavorably to Plaintiff, Plaintiff will pursue a Federal Tort Claim against Defendant and the U.S. Government.[2]

■ Plaintiff's challenge to Defendant's allegation that this adversary proceeding is a core proceeding under 28 U.S.C. § 157 is not timely. Pursuant to Bankruptcy Rule 9027(e)(3), Plaintiff was required to file, within ten days of the filing of the Notice of Removal, a statement admitting or denying any allegation by the removing party that the proceeding is core or non-core. Plaintiff's failure to timely file that statement constitutes a waiver. *Agent Systems, Inc. v. Capital Metropolitan Transportation Authority*, 289 B.R. 828 (Bankr.N.D.Tex.2002).

■ Even had Plaintiff not waived the core/noncore issue, Plaintiff could not prevail in his argument that this is not a core proceeding. The conduct from which Plaintiff's complaint against Defendant arose occurred while Defendant was acting in his capacity as a Chapter 7 trustee and in furtherance of his duties as Chapter 7 Trustee to protect the assets of the estate from dissipation caused by unnecessary administrative expenses incurred in litigation of frivolous pleadings. No duty for Defendant to act would have arisen but for Defendant's role as Chapter 7 Trustee in Mr. Bryan's bankruptcy case. That nexus between Defendant's role and duties as Chapter 7 Trustee and the resulting claims of Plaintiff against Defendant render this proceeding a core proceeding. *See Kirk v. Hendon (In re Heinsohn)*, 231 B.R. 48 (Bankr.E.D.Tenn.1999), *affirmed* 247 B.R. 237 (E.D.Tenn.2000); *Weissman v. Hassett (In re OPM Leasing Services, Inc.)*, 47 B.R. 462 (S.D.N.Y.1985); *In re Hildebrand*, 205 B.R. 278 (Bankr.D.Col.1997). Because this is a core proceeding, Plaintiff is not entitled to remand. *Heinsohn*, 231 B.R. 48.

Plaintiff's allegations regarding Defendant's failure to respond to Plaintiff's requests for admission and failure to file an answer are also without merit. Under Bankruptcy Rule 9027(g), in a removed action in which the defendant has not answered, the defendant "shall answer or present the other defenses or objections

---

**2.** This court is familiar with the style—*i.e.* use of language, organization, tone of argument—of pleadings previously filed in Mr. Bryan's main bankruptcy case, purportedly prepared and filed by Mr. Bryan *pro se*. A comparison of those pleadings with Plaintiff's pleading in this adversary proceeding would permit an inference that all were composed and prepared by the same person.

available under the rules of Part VII" within five days following the filing of the notice of removal. Pursuant to F.R.C.P. 12(a)(4), incorporated in Bankruptcy Rule 7012, Defendant timely filed his motion to dismiss under F.R.C.P. 12(b)(6). No answer, therefore, is due until ten days after the court denies the motion. Similarly, Plaintiff's requests for admission not filed and served in accordance with the discovery rules in Bankruptcy Rule 7001, *et seq.*, were premature. Additionally, Defendant filed a motion to strike Plaintiff's discovery requests and, because Plaintiff has filed no response to that motion to strike, it is deemed unopposed. BLR 7007–1(b).

■ Defendant contends Plaintiff's claim should be dismissed because Defendant is entitled to absolute immunity under federal law, as he was acting in his capacity as Trustee at the time he filed the Inquiry Form with the State Bar of Georgia. Defendant's claim of absolute immunity has merit, as bankruptcy trustees have been accorded such absolute immunity in cases with similar facts. In *Heinsohn*, 231 B.R. 48 (Bankr.E.D.Tenn.1999), *affirmed* 247 B.R. 237 (E.D.Tenn.2000), the trustee was sued for malicious prosecution and defamation by a non-debtor who had been prosecuted and acquitted of charges of bankruptcy fraud. The trustee had referred the case to the U.S. Attorney for investigation. The court held the trustee was entitled to absolute immunity because the trustee had been acting in his capacity as trustee and pursuant to his statutory duty to report conduct which might constitute bankruptcy fraud.

Similarly, in the case of *Weissman v. Hassett*, 47 B.R. 462 (S.D.N.Y.1985), the trustee had been sued for defamation in connection with statements contained in the Trustee's report filed with the court and disseminated to the public in accordance with directions from the bankruptcy court. The court accorded the trustee absolute immunity, quoting Judge Learned Hand in explaining the rationale of such immunity:

> It does indeed go without saying that an official, who is in fact guilty of using his powers to vent his spleen upon others, or for any other personal motive not connected with the public good, should not escape liability for the injuries he may so cause; and, if it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties. Again and again the public interest calls for action which may turn out to be founded on a mistake, in the face of which an official may later find himself hard put to it to satisfy a jury of his good faith. There must indeed be means of punishing public officers who have been truant to their duties; but that is quite another matter from exposing such as have been honestly mistaken to suit by anyone who has suffered from their errors. As is so often the case, the answer must be found in a balance between the evils inevitable in either alternative. In this instance it has been thought in the end better to leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation.

*Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir.1949), *cert. denied*, 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950).

588

Additionally, even if Defendant were not entitled to absolute immunity in connection with his role as bankruptcy trustee, Defendant's statements to the State Bar of Georgia would be absolutely privileged under state law. Under circumstances analogous to those in the instant case, the absolute privilege described in O.C.G.A. 51–5–8, which applies to statements in pleadings filed in judicial proceedings, was applied to statements made in a complaint filed with the Georgia Real Estate Commission. *Skoglund v. Durham*, 233 Ga.App. 158, 502 S.E.2d 814 (1998). The court concluded that the procedural provisions connected with investigation of such complaints rendered the procedure quasi-judicial in nature and thus accorded the absolute privilege to the complainant. Similarly, inquiries and complaints to the State Bar of Georgia are quasi-judicial in nature, providing for hearing, issuance of subpoena, and production of documents. The proceedings are confidential, so that damage to reputation is not a threat until the State Bar's investigation resulting from the inquiry/complaint is completed. Another important consideration is the public policy supporting provisions intended to protect the public, and, perhaps unique to a State Bar complaint, members of the State Bar have an ethical duty to report suspected incidents of the unlicensed practice of law. Therefore, Defendant's statements about Plaintiff to the State Bar were absolutely privileged.

Because Defendant is entitled to absolute immunity and, alternatively, because Defendant's statements are absolutely privileged, Plaintiff's complaint fails to state a claim upon which relief can be granted. Accordingly, it is hereby

ORDERED that **Defendant's motion to strike discovery requests or, in the alternative, for a protective order, is granted.** It is further

ORDERED that **Plaintiff's motion to remand is denied.** It is further

ORDERED that **Defendant's motion to dismiss is granted.**