892 F.2d 822
 19 Bankr.Ct.Dec. 1873, Bankr. L. Rep. P 73,131
 Bruce R. BENNETT, Plaintiff-Appellant,
v.
Ardelle WILLIAMS; The Travelers Indemnity Company, a
corporation, and Does 1 through 15, inclusive,
Defendants-Appellees.
 No. 88-6296.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 3, 1989.
Decided Dec. 27, 1989.
 
 Glenn Arthur Davis, San Diego, Cal., for plaintiff-appellant.
 Lori A. Miller, Baker & McKenzie, and Loraine L. Pedowitz, San Diego, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of California.
 Before POOLE, BEEZER and TROTT, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 This action arises out of Bennett's voluntary bankruptcy. Williams was appointed trustee of the estate and hired Pro Management to manage Bennett's numerous properties. After the bankruptcy was dismissed, Bennett determined that its management had been unsatisfactory. Bennett filed suits against Pro Management and Williams. The district court, 87 B.R. 122, held that Williams was entitled to quasi-judicial immunity and dismissed the suit against her. Bennett appeals. We affirm.
 
 
 2
 Bennett's estate included 11 parcels of rental property in San Diego County, including a small shopping center. After Williams was appointed trustee, she asked Pro Management to assume the duties of property manager. Pro Management's president stated in a declaration that the firm had five years' experience, was currently managing hundreds of rental units, and had been approved to perform similar functions in two prior bankruptcy proceedings. Bennett knew of but did not object to their hiring and Williams obtained court approval. Bennett now alleges that Pro Management failed to collect rents and made defective repairs. He contends Williams was negligent in hiring and supervising Pro Management.
 
 
 3
 The district court held Williams was immune from suit because she was acting within judicially-conferred authority. We review the district court's decision to grant immunity de novo. New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1300 (9th Cir.1989). Our review of a motion to dismiss is limited to the contents of the complaint. Love v. United States, 871 F.2d 1488, 1491 (9th Cir.1989). The complaint should not be dismissed unless there is no set of facts under which plaintiff's claim would entitle him to relief. Id.
 
 
 4
 Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order. See Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390-91 (9th Cir.1987), cert. denied, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988); Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir.1986). See also New Alaska, 869 F.2d at 1302-05.
 
 
 5
 However, a trustee may be liable for "intentional or negligent violations of duties imposed upon him by law." In re Cochise College Park, Inc., 703 F.2d 1339, 1357 (9th Cir.1983), citing Mosser v. Darrow, 341 U.S. 267, 274, 71 S.Ct. 680, 683, 95 L.Ed. 927 (1951). A trustee has a duty to preserve the assets of an estate and must "exercise that measure of care and diligence that an ordinarily prudent person would exercise under similar circumstances." In re Rigden, 795 F.2d 727, 730 (9th Cir.1986).
 
 
 6
 Out of this apparent conflict, certain standards have evolved which a trustee must satisfy before immunity may attach. The trustee should obtain court approval and give notice to the debtor of a proposed action. Mosser, 341 U.S. at 274, 71 S.Ct. at 683; In re Cochise, 703 F.2d at 1357 n. 25, 1360 n. 32. The trustee's disclosure to the court must be candid. Mosser, 341 U.S. at 274, 71 S.Ct. at 683; see also In re San Juan Hotel Corp., 847 F.2d 931, 942 (1st Cir.1988). The act must be within the trustee's official duties. Mullis, 828 F.2d at 1390-91.
 
 
 7
 Bennett first contends that Williams is not immune because she failed to disclose to the court that Pro Management was not a licensed property manager. Bennett cites Sections 10130 and 10131 of the California Business and Professional Code, which require a real estate license for collecting rent, and Section 7028, which makes acting in the capacity of a contractor without a license a misdemeanor. However, Section 10133 of the Business and Professional Code specifically exempts from real estate license requirements a "receiver, trustee in bankruptcy or other person acting under order of a court of competent jurisdiction." Section 7040 exempts from contractor's license requirements authorized representatives of the federal government and Section 7041 exempts officers of the court acting within the scope of their office. In addition, Section 7026.8 allows an unlicensed person to advertise for "work of improvement," so long as they state they are not licensed. Pro Management did not claim it was a licensed contractor, and otherwise accurately stated its qualifications, which Bennett does not contest. These qualifications had been accepted by two previous bankruptcy courts. The court's authorization was therefore informed and Williams is immune for her decision to hire Pro Management.
 
 
 8
 Bennett next argues that even if the court's approval was informed, Williams failed to provide him notice of her selection of Pro Management. The district court determined that Williams gave Bennett actual notice on the day she selected Pro Management and that he had constructive notice a few days later. Moreover, the district court determined that Bennett was unusually closely involved in the management of his estate and could not have been unaware of Williams' decision. Since Bennett had actual and constructive notice of the selection of Pro Management, but did not object, he cannot defeat immunity on this ground.
 
 
 9
 Finally, Bennett argues that even if the court authorized the hiring of Pro Management it could not have authorized its negligent supervision. The district court rejected this argument and reasoned that "[a] trustee's derived immunity would be of no value if the trustee could still be held liable for constant supervision of the manager's activities."
 
 
 10
 We find the district court's reasoning persuasive. We have consistently held that liability will not be imposed for mistakes in business judgment. Southwestern Media Inc. v. Rau, 708 F.2d 419 (9th Cir.1983); In re Cochise, 703 F.2d at 1357. Accordingly, we are deferential to the business management decisions of a bankruptcy trustee and have held trustees immune from collateral attack for acts of mismanagement when the trustee was acting within his court authorization. See Lonneker, 804 F.2d 1097 (mismanagement of a farm); Southwestern Media, 708 F.2d at 425 (decision to sell property free of lien). A trustee may not be expected to conduct a business according to the standards of the debtor. See In re Curlew Valley Associates, 14 B.R. 506 (D.Utah 1981); see also In re Rigden, 795 F.2d at 738 (Hall, J., concurring) (deferential business judgment rule is appropriate when bankruptcy code is silent on the standard to which trustee should be held).
 
 
 11
 By contrast, we have held trustees liable for acts in excess of their authority, see Leonard v. Vrooman, 383 F.2d 556, 560 (9th Cir.1967) (trustee occupied property not belonging to estate), cert. denied, 390 U.S. 925, 88 S.Ct. 856, 19 L.Ed.2d 985 (1968); In re Cochise, 703 F.2d at 1360 (misrepresentations by trustee not authorized by court); or for malfeasance by the trustee himself. See In re Rigden, 795 F.2d at 733 (failure to preserve debtor's redemption rights); In re Nash, 765 F.2d 1410 (9th Cir.1985) (failure to distribute assets of estate to debtor); see also New Alaska (receiver immune from charges of mismanagement, but not theft and slander).
 
 
 12
 Other circuits have extended immunity in similar circumstances. The Fifth circuit held a trustee immune for the selection and supervision of a property appraiser because the hiring of the appraiser was authorized by the court. Boullion v. McClanahan, 639 F.2d 213 (5th Cir.1981) (cited with approval by this court in Lonneker, 804 F.2d at 1097); see also Tiller, Personal Liability of Trustees and Receivers in Bankruptcy, 53 Am. Bankr. L.J. 75, 92-93 (1979) (general rule that trustee is not liable for acts of competent employees whose services are required). Courts that have held trustees subject to liability for the acts of agents have done so when failure to supervise was tantamount to an abuse of discretion. See Mosser, 341 U.S. at 270, 71 S.Ct. at 681-82 (inside trading by agents over 8-year period done with approval of trustee); In re Johnson, 518 F.2d 246, 251 (10th Cir.) (embezzlement by bookkeeper over 9-year period should have been discovered; court did not specify whether bookkeeper was court approved), cert. denied, 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 125 (1975).
 
 
 13
 Williams' decisions regarding the supervision of Pro Management were within the scope of her authority. Williams was entitled to hire professional persons to assist in management of the estate, 11 U.S.C. § 327, and did so with court approval.
 
 
 14
 We hold that Williams, acting within the scope of her authority, with the informed approval of the court and notice to the debtor, is entitled to derived quasi-judicial immunity for her discretionary acts of hiring and supervising Pro Management. Bennett is not remediless, for he retains his action against Pro Management in state court. The district court's order is
 
 
 15
 AFFIRMED.