**In re Dave SILVA, d/b/a Nos Otnos, Inc., and Sharon Selmasska, a/k/a Sharon Silva, d/b/a Nos Otnos, Inc., d/b/a S & S Cleaning, Debtors.**

**Barbara J. WUSSLER, Plaintiff,**

**v.**

**Dave SILVA, d/b/a Nos Otnos, Defendant.**

**John KROMMENHOEK, Successor Trustee and Dave Silva, Third–Party Plaintiffs,**

**v.**

**William WUSSLER, a/k/a Doc Wussler, and The Court Room, Inc., Third–Paty Defendants.**

Bankruptcy No. 93–02385.
Adversary No. 94–06203.

United States Bankruptcy Court, D. Idaho.

July 29, 1997.

---

See also: 1994 WL 752113.

Laura Burri, Ringert, Clark, Chartered, Boise, ID, for Debtor/Defendant.

Barry Peters, Law Office of Barry Peters, Boise, ID, and Jill E. Olofson, Keesal, Young & Logan, Long Beach, CA, for Successor Trustee John Krommenhoek, Third–Party Plaintiff.

Jon S. Gorski, Moffatt, Thomas, Barrett, Rock & Fields, Boise, ID, and H. Paul Kondrick and Richard C. Norton, San Diego, CA, for Plaintiff and Third–Party Defendants.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

This decision is intended to dispose of certain issues raised by the following motions taken under advisement by the Court after a hearing conducted on May 29, 1997:

Successor Trustee's Motion for Violation of Automatic Stay, etc., Docket No. 75, filed May 1, 1997; and

Plaintiff and Third Party Defendants' Motion for Clarification of Court's Earlier Order; Motion for Relief from Automatic Stay; Motion for Leave to Sue Trustee in State Court, Docket No. 82–83, filed May 14, 1997.

*Background.*

Dave Silva ("Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy Code on August 13, 1993. Plaintiff Barbara Wussler ("Plaintiff"), Debtor's former spouse, commenced this adversary proceeding on March 18, 1994. In her Complaint, she asked the Court to determine the dischargeability of a debt owed to her evidenced by a default judgment against the Debtor in California State Court on June 4, 1984. Debtor's discharge was entered in the bankruptcy case on April 28, 1994.

Under California law, the state court judgment in question would have expired on June 4, 1994. *See* Cal.Civ.Proc.Code § 683.020. Plaintiff filed an application for renewal of the judgment in California on June 6, 1994. The application was rejected by the California Superior Court as untimely on June 21, 1994. On December 5, 1994, Plaintiff filed a motion for revival of the judgment, based on "excusable neglect." This motion was granted by the California Superior Court on June 27, 1995. Plaintiff did not seek relief from the automatic stay in bankruptcy under 11 U.S.C. § 362(a), (d), in the bankruptcy case prior to the filing of either the application or motion.[1]

In the adversary proceeding, Debtor contended the California judgment upon which Plaintiff based her claim was invalid for several reasons, including that Debtor had never been properly served with process in the state litigation. In an Order entered in this action on February 1, 1995, this Court declined to resolve the issue of the validity of the judgment, and instead modified the Section 362(a) automatic stay so that the parties could pursue a California state court action to determine the validity of the Wussler's judgment.

The Trustee of Debtor's bankruptcy estate also contends the California judgment is void,

---

1. Counsel for Plaintiff and Third Party Defendants sought to renew and revive the judgment without notice to counsel for Trustee or Debtor. Notice was given by mail to Debtor's former mailing address, the minimum required by California law. This approach seems at best unlikely to afford Debtor or Trustee effective notice, and at worst, may be appears inappropriate, since

Counsel was aware that both Debtor and Trustee were represented in California and Idaho. However, while the parties ask this Court to do so, the Court declines to decide whether the California Court appropriately granted the motion to revive the judgment, something which must be addressed by the local court.

and therefore, that certain provisions of the judgment which awarded Plaintiff and Third Party Defendants property can be set aside. Trustee wants those assets to liquidate for benefit of the bankruptcy estate's creditors. Trustee had asserted his position by way of a Third Party Complaint in this adversary proceeding.

In reliance upon this Court's order, the Trustee and the Debtor filed suit in the California Superior Court to set aside the default judgment, and to "undo" the transfers of property made via the judgment. The named defendants in that action were Barbara J. Wussler and William A. Wussler and The Court Room, a California corporation. In response to the Complaint, these defendants asserted a counter and cross complaint against Trustee, both individually and in his official capacity, and against the Debtor. These claims seek a variety of relief from the California Court, including equitable relief and damages. No leave from the Bankruptcy Court was obtained prior to filing the counter or cross complaint.

The motions now under advisement were thereafter filed with this Court.

*Issues Presented.*

While the arguments and pleadings of the parties are complex, and raise a multitude of issues concerning the California litigation, essentially only three bankruptcy law issues need be addressed by this Court:

I. Whether expiration of the underlying state Court judgment was tolled under 11 U.S.C. § 108(c), and whether revival of the judgment violated the automatic stay.

II. Whether the counterclaims asserted by Plaintiff and Third Party Defendants against the Debtor in state Court exceeded the limited scope of this Court's February 1, 1995, order for relief from stay.

III. Whether the claims asserted against the Trustee in state Court violated the automatic stay imposed by 11 U.S.C. § 362 or other law.

I. Tolling.

█] The state court judgment underlying the Plaintiff's claim and forming the basis of her non-dischargeability complaint was en-

tered on June 4, 1984. California law provides that a judgment expires ten years from the date of entry. Cal.Civ.Proc.Code § 683.020. However, if a bankruptcy petition is filed by a judgment debtor, 11 U.S.C. § 108 may under some circumstances extend the applicable expiration date. This section provides:

> Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

11 U.S.C. § 108(c)(1), (2).

In this case, Debtor's petition was filed on August 13, 1993. The California judgment, under "applicable nonbankruptcy law," expired ten years subsequent to date of the entry of the judgment, or in other words, on June 4, 1994. Debtor was discharged in bankruptcy on April 28, 1994, which terminated the automatic stay against actions against the Debtor by operation of law. 11 U.S.C. § 362(c)(2)(C). The 30 day extension of time provided by 11 U.S.C. § 108(c)(2), (i.e. May 28, 1994) was thus prior in time to the date of expiration of the judgment under the California statutes. Thus, under the facts of this case, 11 U.S.C. § 108(c) had no tolling effect on the judgment in question, and it would expire on June 4, 1994 unless validly renewed or revived under state law.

█] The automatic stay operates as a stay of "any act to create, perfect or enforce" a lien against property of the estate, and of "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the

case under this title." 11 U.S.C. 362(a)(2), (4). Was the stay violated by Plaintiff and Third Party Defendants' efforts to renew and revive their judgment without permission of this Court? "Significantly, the [automatic stay] does not explicitly prohibit acts to extend, continue, or renew otherwise valid statutory liens." *In re Morton,* 866 F.2d 561, 564 (2d Cir.1989). Moreover, the automatic stay does not operate to relieve a judgment creditor of any requirement to give notice and extend the judgment in state court, "especially when the very existence of [the judgment] is created and defined by state law and when the extension will have no adverse effect on any party or property involved in the bankruptcy proceeding." *Id.* at 564. Thus, the application for renewal and the motion for revival did not violate the automatic stay, but simply served to maintain the status quo, actions not adverse to the policy of the bankruptcy law, but in harmony with it.

II.   Counterclaims against Debtor.

■ On February 1, 1995, this Court issued its Memorandum of Decision and Order declining to determine the validity of the state Court judgment, in favor of a resolution by the California courts. The Order provided:

> [T]hat all further proceedings in this adversary proceeding are STAYED pending an opportunity for the parties to take action in California State Court seeking to set aside, amend, or to obtain other relief as to Plaintiff's state court default judgment against Defendant, or pending further order of this Court. *In that regard, any automatic stay in effect under 11 U.S.C. § 362(a) is hereby terminated in favor of the parties for the limited purpose of allowing any of them to take action in the state court.*

Order at page 2 (emphasis added). This Court's modification of the Section 362(a) stay was therefore clearly limited to allowing the parties to litigate the validity of the default judgment in state court. The Trustee's and Debtor's Complaint filed in California sought to achieve what this Court intended by its order, and was coupled with a request for imposition of a constructive trust on the assets transferred to Plaintiff and Third Party Defendants under the allegedly void judgment, assuming the State Court rendered a favorable ruling. The Wusslers and The Court Room, Inc., responded with counter and cross complaints against the Trustee, both individually and in his official capacity, and against the Debtor.

The claims made against the Debtor appear to be within the scope of this Court's order modifying the bankruptcy stay. The Court's intention was to afford all the parties, not just Trustee and Debtor, the opportunity to litigate the issues regarding the validity of the judgment. Plaintiff and Third Party Defendants' claims against Debtor are in the nature of requests for an equitable adjustment and recognition of the Plaintiff and Third Party Defendants' interests in the subject property in the event the original judgment is set aside. These requests for relief are closely related to the issue of the validity of the judgment, and seem appropriate.

Further, recall Debtor received a discharge on April 28, 1994, and his protection under the automatic stay had terminated. Thus, this Court's order allowing the parties to litigate the validity of the judgment encompassed the claims and counterclaims asserted by Plaintiff and Third Party Defendants against the Debtor.

III.   Claims against Trustee.

■ A vastly different situation is created by assertion of claims by Plaintiff and Third Party Defendants against the Trustee in both his personal and representative capacity. "It is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court." *In re DeLorean Motor Company (Allard v. Weitzman),* 991 F.2d 1236, 1240 (6th Cir.1993) citing *Barton v. Barbour,* 104 U.S. 126, 26 L.Ed. 672 (1881), accord *In re Campbell,* 13 B.R. 974, 976 (Bankr.D.Idaho 1981). A limited exception to this rule is found in 28 U.S.C. § 959 which allows for suit against a trustee without leave of the

appointing court with respect to an act or transaction "in carrying on business connected with such property." 28 U.S.C. § 959(a). However, "[m]erely collecting, taking steps to preserve, and/or holding assets, as well as other aspects of administering and liquidating the estate, do not constitute 'carrying on business' as that term has been judicially interpreted." *In re Campbell,* 13 B.R. 974, 976 (Bankr.D.Idaho 1981). Therefore, this narrow exception is not applicable under the facts of this case.

Here, the Trustee has joined with the Debtor to set aside a default judgment which, if successful, could add property to the Debtor's bankruptcy estate from which dividends to creditors may be paid. The Trustee has a statutory duty to collect and preserve the assets of the estate while exercising the care and diligence of an ordinarily prudent person under similar circumstances. *Kashani v. Fulton (In re Kashani),* 190 B.R. 875, 884 (9th Cir. BAP 1995) citing *Bennett v. Williams,* 892 F.2d 822, 823 (9th Cir.1989). The Trustee was merely carrying out this duty in joining in the California litigation. There is simply no basis for any claims that the Trustee should be *personally* liable for his activities in this case. Moreover, since the Trustee was acting within his authority in joining the Debtor in the suit to set aside the default judgment, Wusslers and The Court Room, Inc., were required to obtain leave from this Court prior to initiating any suit against the Trustee.

The complaints filed by Plaintiff and Third Party Defendants against the Trustee individually and in his official capacity contravened the Order issued by this Court limiting the scope of the California litigation. These claims also represent a willful violation of the Section 362(a) automatic stay which continues in effect to this day, and subjects Plaintiff and Third Party Defendants to a claim for damages. A "willful violation" does not require a specific intent to violate the stay. *In re Pinkstaff,* 974 F.2d 113, 115 (9th Cir.1992) citing *In re Bloom,* 875 F.2d 224, 227 (9th Cir.1989). Whether a party believes in good faith that it has a right to assert the claims against the bankruptcy Trustee or bankruptcy estate is not relevant to whether the act was "willful" or whether damages should be awarded for a stay violation. It is undisputed that Wusslers knew of the pending bankruptcy case, and they were also charged with knowledge of the existence and scope of the automatic stay prohibiting suits against the Trustee without leave of the appointing Court. It necessarily follows that the Wusslers willfully violated the stay.

The Court understands that the claims asserted against the Trustee, at least in part, were subsequently voluntarily dismissed by Plaintiff and Third Party Defendants. However, the dismissal occurred only after Trustee's attorneys had made repeated demands for such, and after considerable unnecessary expense to the Trustee and bankruptcy estate. Under these circumstances, the Court can only conclude that Plaintiff and Third Party Defendants' conduct was designed to intimidate the Trustee as an inappropriate litigation tactic.

The Trustee has requested attorney's fees and costs incurred as a result of having to defend against the cross complaint. Trustee is entitled to damages incurred in defending against a complaint filed in willful violation of this Court's order, 28 U.S.C. § 959, and 11 U.S.C. § 362. *See In re DeLorean Motor Company (Allard v. Weitzman),* 991 F.2d 1236, 1241–42 (6th Cir.1993). Trustee will be given an opportunity to prove the amount of any damages incurred as a result of having to defend against these improper claims, including the necessity of filing the instant motion in this adversary proceeding when the California litigation has been concluded and in connection with this Court's final disposition of this action.

### ORDER

Accordingly, for the reasons set forth above, and for other good cause, IT IS HEREBY ORDERED AS FOLLOWS:

1. Apart from any considerations of California law, the "tolling" effect of 11 U.S.C. § 108(c) did not prevent the underlying judgment from expiring under the ten year expiration date set by Cal.Civ.Proc.Code § 683.020. In addition, the requests by Wus-

slers to renew and revive the state court judgment did not violate the automatic stay.

2. The claims asserted by Plaintiff and Third Party Defendants against the Debtor seeking equitable relief do not violate this Court's prior Order, nor the automatic stay.

3. The claims asserted by Plaintiff and Third Party Defendants against the Trustee, both as an individual and as the representative of the bankruptcy estate, constituted a willful violation of the terms of this Court's prior Order limiting the scope of the California action and applicable law. The Trustee's request for compensatory damages incurred in defending against these claims is granted. The amount of any damages will be determined upon application by Trustee, and after notice and a hearing, upon conclusion of the California litigation, and in connection with the final disposition of this action.

The Court declines to decide any of the remaining issues or to grant any other relief urged by the parties in connection with the pending motions.