**In re Barclay DAVIS, Loretta Davis, Debtors.**

**James F. Lisowski, Chapter 7 Panel Trustee, Plaintiff,**

v.

**Barclay Davis, etc., Loretta Davis, etc., Defendants.**

**And Related Counterclaim.**

**Bankruptcy No. BK–S–03–11204 LBR. Adversary No. 03–1507 LBR.**

United States Bankruptcy Court, D. Nevada.

July 13, 2004.

---

CiCi Cunningham, Las Vegas, NV, for James F. Lisowski, Chapter 7 Trustee.

Barclay and Loretta Davis, Pro Se.

## MEMORANDUM OF DECISION RE MOTION TO DISMISS COUNTERCLAIM

LESLIE TCHAIKOVSKY, Bankruptcy Judge.

Plaintiff/counterdefendant James F. Lisowski (the "Trustee"), the chapter 7

trustee of the above-captioned bankruptcy estate, and Counterdefendant CiCi Cunningham (the "Trustee's Attorney") move to dismiss the Counterclaim in this adversary proceeding pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "FRCP")[1] For the reasons stated below, the Counterdefendants' motion is granted.

## APPLICABLE LAW

Rule 12(b) of the Federal Rules of Civil Procedure provides that "every defense, in law or fact, to a claim for relief...shall be asserted in the responsive pleading thereto...except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted...." In determining a motion to dismiss a claim based on Rule 12(b)(6), the allegations of the claim and all reasonable inferences from those allegations must be accepted as true and construed in the light most favorable to the claimant. *In re Barrack*, 217 B.R. 598, 604 (9th Cir. BAP 1998), citing *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995).

The Court may also consider facts subject to judicial notice. *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir.1987). Finally, because Counterclaimants (the "Debtors") are acting pro se, the Court is required to construe the Debtors' allegations liberally and to give the Debtors the benefit of any doubt. *Mullis*, 828 F.2d at 1388; *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir.1984).

## DISCUSSION

### A. INTRODUCTION

The Court takes judicial notice of the procedural history of this bankruptcy case as follows:

The underlying bankruptcy case was commenced by the filing of an involuntary petition against the above-captioned debtors (the "Debtors") seeking relief under chapter 7 of the Bankruptcy Code on February 3, 2003. An order for relief was entered on February 24, 2003. The case was converted to chapter 11 of the Bankruptcy Code on March 6, 2003. On April 17, 2003, the Trustee was appointed as a chapter 11 trustee. On June 5, 2003, the case was re-converted to chapter 7, and the Trustee was appointed as a chapter 7 trustee.

This adversary proceeding was commenced by the Trustee on December 12, 2003. The complaint (the "Complaint") seeks denial of the Debtors' discharge pursuant to 11 U.S.C. § 727. Sometime thereafter, the Debtors filed the Counterclaim. The Counterclaim contains fourteen claims for relief against the Trustee and the Trustee's Attorney as follows: (1) Removal of Trustee, (2) Wrongful Conversion, (3) Concealment of Assets, (4) Refusal To Obey The Judge, (5) Abuse of Discretion, (6) Improper Administration, (7) Preference to Creditors, (8) Willful Blindness, (9) Arm's Length Transaction, (10) False Account of Testimony, (11) Loss of Property, (12) False Representation, (13) Libel and Slander, and (14) Damages. Each claim incorporates by reference approximately ten pages of factual allegations.

The Counterdefendants move to dismiss the Counterclaim in its entirety on numerous legal grounds. First, the Counterdefendants contend that many of the claims are not legal claims, even applying the liberal construction appropriate for pro se

---

1. Rule 12 is made applicable to this proceeding by Rule 7012(b) of the Federal Rules of

Bankruptcy Procedure (hereinafter "FRBP").

filers. Second, the Counterdefendants contend that the Debtors lack standing to assert those claims that belong to the bankruptcy estate. Third, the Counterdefendants contend that the Debtors may not sue Counterdefendants without leave of the appointing court. Fourth, the Counterdefendants contend that they are absolutely immune from suit for the conduct alleged in the Counterclaim which was part of the judicial or adjudicative process. Fifth, the Counterdefendants contend that they have an absolute defense as a matter of law to the thirteenth claim for relief—for libel and slander—based on the litigation privilege doctrine. Sixth, the Counterdefendants contend that the claim for removal of the Trustee is barred by the doctrine of res judicata.[2] Each of these contentions is addressed below.

## 1. Claims Are Not Legal Claims

The Counterclaim begins by setting forth a lengthy factual summary of the administration of the case from the Debtors' point of view. This is followed by the assertion of fourteen claims for relief, each of which incorporates the factual account. Finally, there is a prayer that requests removal of the Trustee, denial of any fees requested by the Counterdefendants, and $6,000,000 in damages on behalf of the estate.

The first claim for relief—for removal of the Trustee—is a legally cognizable claim as is the thirteenth claim for relief—for libel and slander. The second through the eleventh claims for relief are not legally cognizable claims.[3] They are best read as additional allegations in aid of the first claim for relief. The fourteenth claim for relief—for damages-does not qualify as a legal claim. It simply reiterates one element of the prayer. The Court will discuss this request for relief in the next section in connection with its discussion of the standing defense.

## 2. Debtors' Standing To Assert Claims

Counterdefendants contend that the Debtors have no standing to assert any of the claims set forth in the Counterclaim. To the extent the claims seeks damages on behalf of the bankruptcy estate, the Court agrees. Absent authorization by the bankruptcy court, the Trustee is the only party who can assert a claim for damages on behalf of the bankruptcy estate. *See In re Troutman Enterprises, Inc.,* 286 F.3d 359, 364–365 (6th Cir.2002) (shareholder of debtor corporation for which trustee has been appointed does not have standing to appeal bankruptcy court decision where only a derivative interest is asserted); *In re Perkins,* 902 F.2d 1254, 1257–58 (7th Cir.1990) (creditor of chapter 7 estate does not have standing to seek turnover of property alleged to belong to estate).[4] If a Trustee is the cause of the damage, the appropriate remedy is to remove and replace the trustee. The successor trustee

---

**2.** As discussed below, the Court reads the second through the twelfth claims for relief as additional arguments for removing the Trustee, rather than as separate claims.

**3.** Most of these claims bear no resemblance to a legally cognizable claim: e.g., willful blindness, arms' length transaction. Others have titles that suggest that they are legally cognizable claims. However, the substance of the claims simply reflects additional complaints about way in which the Trustee's and Trus-

tee's Attorney have dealt with the Debtors and have administered (or failed to administer) the bankruptcy estate.

**4.** The Debtors contend that they have standing because, if the estate is solvent, they will receive a dividend. Thus, their standing is comparable to that of shareholders in a corporate bankruptcy case: i.e., their interest in the claim for damages is derivative of the estate's interest.

may then bring the claim for damages against the removed trustee (and/or his surety bond). *See* 11 U.S.C. § 324(a); *In re Ferrante,* 51 F.3d 1473, 1478 (9th Cir. 1995); *In re El San Juan Hotel Corp.,* 841 F.2d 6, 8–9 (1st Cir.1988). As stated above, the fourteenth claim for relief will be dismissed, and this element of the prayer will be stricken.

■ However, the Debtors have standing to assert a claim for removal of the Trustee. Counterdefendants appear to contend that the Debtors have no such standing because the estate is insolvent. *See Matter of Fondiller,* 707 F.2d 441, 442 (9th Cir.1983) ("a hopelessly insolvent debtor does not have standing to appeal orders affecting the size of the estate.").[5] However, in the instant case, the Debtors allege that the estate is not insolvent because the bulk of the proofs of claims that have been filed are subject to disallowance. In the context of a motion to dismiss, the Court must accept the Debtors' factual allegations as true. *See In re Hemmeter,* 242 F.3d 1186, 1189 (9th Cir.2001). Thus, the claim for removal of the Trustee will not be dismissed for lack of standing.

■ The Debtors also have standing to assert a claim for libel and slander. This claim is personal to the Debtors. It is not a claim brought on behalf of the estate. Thus, this claim will not be dismissed either on standing grounds.

### 3. Failure To Obtain Leave of Court Before Filing Suit

■ Counterdefendants contend that they are protected by the doctrine of qua-si-judicial immunity from being sued by the Debtors without leave of the Court which appointed them. With respect to the claim for removal of Trustee, the Court disagrees. It would make no sense for a party wishing to request the removal of a trustee to first ask the Court whether it may file such a claim. With respect to the claim for libel and slander, the Court agrees.

■ It is well established that a bankruptcy trustee may not be sued without leave of the appointing court for actions taken in the scope of his or her authority. *See In re Bay Area Material Handling, Inc.,* 1995 WL 747954, *3 (N.D.Cal.), aff'd 111 F.3d 137 (9th Cir.1997); *In re DeLorean,* 991 F.2d 1236, 1240 (6th Cir.1993); *Leonard v. Vrooman,* 383 F.2d 556, 560 (9th Cir.1967). Moreover, this protection extends to other persons appointed by the court, including the trustee's counsel. *See Bay Area* at *3; *DeLorean,* 991 F.2d at 1241.

■ As discussed in *Bay Area,* there are only two exceptions to this rule. First, leave of court need not be sought if the trustee (other court appointed party) is acting in excess of his or her authority or in an unofficial capacity. *See Leonard v. Vrooman,* 383 F.2d 556, 560 (9th Cir.1967). Second, as provided by 28 U.S.C. § 959(a), a trustee may be sued without first getting the appointing court's permission if the trustee is carrying the debtor's business. *See Bay Area* at *1–*4.

---

5. The facts in *Fondiller* are remarkably similar to those in this case. In *Fondiller,* a law firm had conducted an extensive investigation on behalf of certain creditors regarding concealed assets and fraudulent conveyances in a prior bankruptcy case filed by a corporation of which the debtor was a principal. The trustee sought leave to employ the law firm to continue the investigation in a chapter 7 case subsequently filed by the debtor, and the debtor's wife objected. The debtor and his wife had pending suits in state court alleging abuses on behalf of the law firm and its clients in the conduct of that investigation. *Fondiller,* 707 F.2d at 442.

The Debtors contend that both exceptions apply here. They contend that, by administering the bankruptcy estate and selling the Residence, the Counterdefendants were operating their business. Second, they contend that, by doing or failing to do the things set forth in the Counterclaim, the Counterdefendants were clearly acting in excess of their authority. They note that some of the actions complained of were not authorized by court order.

Neither contention has any merit. It is well established that administering a bankruptcy estate does not constitute operating the debtor's business. *See Bay Area* at *4, citing *DeLorean*, 991 F.2d at 1241. Moreover, all of the conduct about which the Debtors complain was within the scope of the Counterdefendants' duties. The Debtors simply contend that Counterdefendants performed those duties (or failed to perform them) negligently or based on an improper bias against them. A trustee's immunity from suit without leave of the appointing court would serve no purpose if suit could be brought without leave of court simply by alleging that the trustee had performed his or her duties negligently.

An example of a claim that may be brought against a trustee without leave of court for conduct in excess of his authority is set forth in *Leonard v. Vrooman.* In that case, the debtor had leased a building from a third party but had turned over the keys to the lessor prior to filing for bankruptcy, leaving some personal property on the leased premises. While serving as receiver, unable to locate either the owner of the building or the debtor, Vrooman took possession of the leased premises, posted notices regarding his possession and authority, and changed the locks.

Later, after some investigation, as trustee, Vrooman discovered deeds whereby the debtor had transferred the building to a third party and that party had transferred the building to another third party. Nevertheless, he retained possession of the leased premises and filed a petition for an order to show cause why he should not be permitted to sell the building free and clear of any claim by the transferees. The petition was denied. Thereafter, without obtaining leave of court, the second transferee filed a claim for damages against Vrooman personally in state court. Vrooman sought an order from the bankruptcy court to restrain the prosecution of the state court action which was ultimately denied.

The Ninth Circuit concluded that the second transferee was not required to request leave of court before suing Vrooman for wrongful seizure and possession of his real property. It noted that Vrooman had made two mistakes. "His first was to break into and seize possession of the real property belonging to Leonard, when this property was not listed as an asset of the bankrupt's estate. His second mistake was not to relinquish possession of the real property when he discovered that title was claimed by and recorded in the name of Leonard." *Leonard v. Vrooman*, 383 F.2d at 560. It noted that the trustee could and should have obtained a turnover order directing delivery of the personal property that was an asset of the estate. To the extent he believed that the transfers of the real property were fraudulent, he should have filed an action to avoid the transfers. *Id.*, 383 F.2d at 561.

Nothing comparable is alleged here. Instead, with respect to the only remaining claim independent of the claim for removal of the trustee, the Debtors merely allege that the Counterdefendants made false and defamatory statements about them in the course of administering the estate. Any such statements were clearly within the scope of their duties as court appointed

officers. As a result, leave of court was required before they could be sued, and the thirteenth claim for relief for libel and slander must be dismissed.[6]

### 4. Quasi–Judicial Immunity

 Counterdefendants contend that the thirteenth claim for relief—for libel and slander—is subject to dismissal for another reason. They contend that the Trustee is immune from suit on this claim even with leave of court. *See Bennett v. Williams,* 892 F.2d 822, 823 (9th Cir.1989); *Bay Area* at \*5. To the extent that a trustee is immune from suit, a trustee's attorney is also immune. *See Bay Area* at \*5, citing *Smallwood v. U.S.,* 358 F.Supp. 398, 404 (E.D.Mo.1973), aff'd mem. 486 F.2d 1407 (8th Cir.1973); *see also; Mullis v. U.S. Bankruptcy Court,* 828 F.2d 1385, 1390 (9th Cir.1987), cert. denied, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988).

The law regarding this issue is difficult to parse. As stated in *Bennett:*

Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order. [Citations omitted.] However, a trustee may be liable for "intentional or negligent violations of duties imposed upon him by law." [Citation omitted.] ... Out of this apparent conflict, certain standards have evolved which a trustee must satisfy before immunity may attach. The trustee should obtain court approval and given notice to the debtor of a proposed action. [Citations omitted.] The trustee's disclosure to the court must be candid. [Citations omitted.] The act must be within the trustee's official duties. [Citation omitted.]

*Bennett v. Williams,* 892 F.2d at 823. The facts and holding in *Bennett* do not assist the Court in applying these seemingly contradictory principles.[7]

However, the examples provided in *Bennett* of conduct for which it had denied trustees immunity do assist in that determination. Those examples are as follows:

Leonard v. Vrooman, 383 F.2d 556, 560 (9th Cir.1967) ... [discussed above]; *In re Cochise,* 703 F.2d [1339] at 1360 [(9th Cir.1983)] (misrepresentations by trustee not authorized by court); or for malfeasance by the trustee himself. See *In re Rigden,* 795 F.2d [727] at 733 [(9th Cir.1986)] (failure to preserve debtor's redemption rights); *In re Nash,* 765 F.2d 1410 (9th Cir.1985) (failure to distribute assets of estate to debtor); see also New Alaska (receiver immune from charges of mismanagement, but not theft and slander).

*Id.*

Based on these examples, the Court concludes that the Counterdefendants are not immune from suit for libel and slander

---

**6.** Moreover, the claim will be dismissed with prejudice. As discussed below, if asked, the Court would not grant the Debtors' permission to assert this claim because the Counterdefendants are entitled to a defense as a matter of law based on an absolute litigation privilege.

**7.** In *Bennett,* after his bankruptcy case was dismissed, the debtor sued the trustee for negligently hiring and supervising a property manager for the debtor's 11 parcels of rental property. The debtor contended that immunity only applied when a trustee obtains an order approving the act in question. He noted that, while the trustee may have had a court order approving the employment of the property manager, she did not have a court order approving negligent supervision of the property manager. The Ninth Circuit rejected this argument, observing that " '[a] trustee's derived immunity would be of no value if the trustee could still be held liable for constant supervision of the manager's activities.' " *Id.*

based on the doctrine of quasi-judicial immunity. Therefore, with leave of the bankruptcy court, but for the litigation privilege, as discussed in the next section, Counterdefendants could be sued by the Debtors for libel and slander.

### 5. Litigation Privilege

As noted above, the Court concludes that Counterdefendants have an absolute defense as a matter of law to the claim for libel and slander based on the litigation privilege doctrine. In this claim, the Debtors allege that Counterdefendants have repeatedly made statements and written pleadings which were intended to injure the credibility of the Debtors in order to "strike back" at the Debtors for complaining about the Counterdefendants' improper administration of the estate. The Debtors further allege that they put the Counterdefendants on notice that these statements were defamatory.[8]

Because all of the relevant litigation in connection with this proceeding has been in federal court and is primarily based on federal law claims, the federal common law litigation privilege applies. However, federal law generally borrows from state law in this context. *See Steffes v. Stepan Co.*, 144 F.3d 1070, 1075 (7th Cir.1998). The Nevada Supreme Court has recently addressed the scope of the litigation privilege in *Fink v. Oshins*, 118 Nev. 428, 49 P.3d 640 (2002).

In *Fink*, a trust was created by a third party with two trustee: i.e., a family trustee (Denise) and an independent trustee (Fink), who was otherwise an insurance salesman. Denise quickly lost confidence in Fink and hired Oshins to file an action to remove Fink as trustee. Before the action was brought, Denise informed Fink that he was being removed, in part due to his mismanagement of the trust and in part due to his undisclosed drug-related criminal history. Fink apparently assumed this information came from Oshins. As a result, he sued Oshins for defamation.

During discovery, Fink deposed an individual who had been both his client and client of Oshins. The mutual client testified that Oshins had mentioned Fink's drug problem to him and had also alleged that Fink had wrongfully interfered with the trust. Fink moved for summary judgment asserting that the claim was barred either by an absolute or conditional litigation privilege. The district court held that Fink's claim based on Oshins' statements to Denise were absolutely barred by an absolute litigation privilege.[9]

The litigation privilege is a "long-standing common law rule that communications uttered or published in the courts of judicial proceedings are absolutely privileged." *Circus Circus Hotels v. Witherspoon*, 99 Nev. 56, 657 P.2d 101, 104 (1983). The policy behind the rule is to grant attorneys and other participants in judicial proceedings "the utmost freedom in their effort to obtain justice...." *Id.;*

---

8. Even for a pro se filing, these allegations are insufficiently specific to survive a motion to dismiss with leave to amend or for a more definite statement. However, the claim should be- dismissed with prejudice in any event based on Counterdefendants' litigation privilege.

9. The district court also held that Oshins statements to his and Fink's mutual client were absolutely privileged. The Nevada Su-

preme Court reversed this ruling on the ground that the absolute privilege only protected communications between parties "significantly interested" in the litigation. At best, Oshins' communications to their mutual client would be protected by a conditional privilege which privilege is not limited to communications made in the course of litigation. *Id.* at 645–46.

*see also Rodriguez v. Panayiotou,* 314 F.3d 979, 988 (9th Cir.2002) (privilege applies to any communication with some logical relation to a judicial or quasi-judicial proceeding made by a litigant or other participant in the proceeding). The privilege is a bar to a defamation claim even if it is alleged that the defamatory statements were made with knowledge of their falsity and with personal animosity toward the other party. *Id.*

 As stated in *Fink,* "[t]he scope of the absolute privilege is quite broad." *Id.,* 49 P.3d at 644. To be protected, the defamatory communication need not be relevant to the proposed or pending litigation; it need only be related in some way to the subject of the controversy. The privilege applies to communications outside of court and those made before litigation has commenced as well as those made during actual judicial proceedings. *Id.*

Based on this judicial authority, the Court concludes that the thirteenth claim for relief for libel and slander should be dismissed because it is barred by the federal common law and Nevada state law litigation privilege.

### 6. Res Judicata

 None of the legal theories discussed above support the dismissal of the first claim for relief—for removal of the Trustee. However, the Trustee's Attorney is not a proper party to such a claim and will be dismissed from the proceeding. If the Trustee is removed, the successor trustee will be free to employ the attorney of his or her choice. To the extent that the Debtors oppose the allowance or payment of any fees or costs requested by the Trustee's Attorney, they may object to the fee application when it is filed.

 The only legal challenge to this claim with possible merit, other than legal insufficiency pursuant to Rule 12(b)(6), is the doctrine of res judicata.[10] The doctrine of res judicata prohibits a litigant from getting a second bite at the judicial apple. "The doctrine bars the re-litigation of issues actually litigated in a prior suit, as well as issues that could have been litigated in that prior action." *See Latman v. Burdette,* 366 F.3d 774, 783 (9th Cir.2004). It applies only to claims arising out of the same cause of action.

> To determine whether successive lawsuits involve a single cause of action... [the court considers]: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transaction nucleus of facts.

*Id.* at 783.

In the motion to dismiss, the Counterdefendants contend that the Debtors have previously filed a complaint in federal district court requesting the removal of the Trustee on the same grounds asserted in this action. They represent that the Debtors' claims have all been dismissed based upon the doctrines of judicial immunity and ripeness. Unfortunately, they fail to provide the Court with any evidence to support these contentions. They also fail to provide the Court with copies of the district court documents of which the Court could take judicial notice.

To some extent, this deficiency has been remedied by the Debtors' opposition to the motion to dismiss. They attach to their opposition a copy of the Trustee's motion to dismiss the Debtors' federal district

---

**10.** As discussed below, the Court will defer ruling on the legal sufficiency of this claim.

court complaint. The substance of the motion makes it clear that the federal district court complaint contained the same claims and same nucleus of facts as the Counterclaim. Thus, the Court can take judicial notice of this fact.

Unfortunately, no evidence has been provided by either party that the federal district court complaint was dismissed on the merits. Neither has a copy of the relevant dismissal papers been provided so that the Court may take judicial notice of this alleged event. If this deficiency is remedied, the Court will dismiss the first claim for relief based on the doctrine of res judicata. If not, the Court will address the legal sufficiency of the claim and either order the claim to be tried or dismiss it, depending on the outcome of that determination.

## CONCLUSION

The Counterclaim contains only two legally cognizable claims: i.e., the first claim for relief for removal of the Trustee and the thirteenth claim for relief for libel and slander. The thirteenth claim for relief will be dismissed with prejudice. The Debtors were required and failed to request leave of court to file this claim. In addition, the Counterdefendants have an absolute defense to this claim as a matter of law based on the litigation privilege doctrine. The Trustee's Attorney is not a proper party to the first claim for relief and will be dismissed from this claim. The Trustee will be given thirty days from the date of this Memorandum to provide evidence (or a basis for taking judicial notice) supporting his service of this evidence to file a response or objection to the evidence provided. The Trustee's Attorney is directed to submit a proposed form of order in accordance with this decision.