# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: STEPHEN LAW, | No. 09-60023 |
| Debtor, | BAP No. CC-08-1240-MkHMo |
| STEPHEN LAW, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| ALFRED H. SIEGEL, Chapter 7 Trustee, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Hollowell, and Montali, Bankruptcy Judges, Presiding

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Stephen Law appeals pro se from the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's order dismissing his adversary complaint against the trustee in his Chapter 7 bankruptcy proceedings. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *N. Slope Borough v. Rogstad (In re Rogstad)*, 126 F.3d 1224, 1228 (9th Cir. 1997). We affirm.

Contrary to Law's contention, the bankruptcy court had jurisdiction over the removed state-law claims against the trustee because they concerned the administration of the bankruptcy estate. *See Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1438 (9th Cir. 1995) (plaintiffs' postpetition state-law claims against the bankruptcy trustee "for conduct inextricably intertwined with the trustee's sale of property belonging to the bankruptcy estate involved a core proceeding subject to federal jurisdiction").

The BAP properly determined that Law's complaint failed to state a claim against the trustee because the allegations against the trustee concerned his court-authorized management of the bankruptcy estate, for which he enjoyed immunity. *See Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989) ("Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order.").

Law's remaining contentions are unpersuasive.

**AFFIRMED.**