**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBRA LEIGH JACOBS, | No. 17-15625 |
| Petitioner-Appellant, | D.C. Nos. 2:15-cv-00533-JAD |
| v. | 2:15-cv-00911-JAD |
| | 2:15-cv-00912-JAD |
| BRAIN POWER AMERICA, INC., | |
| Respondent-Appellee. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted October 16, 2018**
San Francisco, California

Before: HAWKINS and HURWITZ, Circuit Judges, and ROSENTHAL,***
District Judge.

---

&ast;      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

&ast;&ast;&ast;      The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

Appellant Debra Leigh Jacobs appeals the district court's order affirming the bankruptcy court's denial of her motion to hold creditor Brain Power America, Inc. and its attorney in contempt for violating a stay and discharge order. We review the bankruptcy court's contempt and sanctions decision for an abuse of discretion, *In re Icenhower*, 755 F.3d 1130, 1138 (9th Cir. 2014), and we affirm.

To prevail, Jacobs had to establish by clear and convincing evidence not only that Brain Power actually violated the stay or discharge order but also knew the orders applied and intended to violate them. *See, e.g., In re Zilog, Inc.*, 450 F.3d 996, 1007 (9th Cir. 2006); *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002).

The majority of courts to address this issue have held that merely renewing an existing judgment lien does not "create, perfect, or enforce" a lien under the Bankruptcy Code, and it does not violate a stay. *See, e.g., In re Morton*, 866 F.2d 561, 564 (2d Cir. 1989); *In re Silva*, 215 B.R. 73 (Bankr. D. Idaho 1997). Even if we were to accept Jacobs's argument that renewal of the judgment violates the stay, it would not establish that Brian Power knew this act would do so.[1] That argument would also fail to establish that Brain Power knew that the stay applied to the lien because Jacobs

---

[1] Whether the renewal of a judgment violates a stay is an open question in the Ninth Circuit. *See In re Spirtos*, 221 F.3d 1079, 1081 (9th Cir. 2000).

did not list Brain Power as a creditor in the original bankruptcy proceeding. The bankruptcy court did not abuse its discretion by denying the motion.

**AFFIRMED.**