**In re POINT BLANK SOLUTIONS, INC., et al., Debtors.**

**Point Blank Solutions, Inc., Plaintiff,**

**v.**

**Robbins Geller Rudman & Dowd LLP (as both Escrow Agent and Co–Lead Counsel for Lead Plaintiffs); Labaton Sucharow LLP (as Co–Lead Counsel for Lead Plaintiffs); Law Offices of Thomas G. Amon (as Co–Lead Counsel in the Derivative Action); and Robbins Umeda LLP (as Co–Lead**

Counsel in the Derivative Action); David H. Brooks; Sandra Hatfield; Dawn M. Schlegel; Cary Chasin; Jerome Krantz; Gary Nadelman; Barry Beckman; and Larry R. Ellis, Defendants.

Bankruptcy No. 10–11255 (PJW).
Adversary No. 10–55361 (PJW).

United States Bankruptcy Court, D. Delaware.

May 20, 2011.

---

3. This reduction is in addition to the $3,500 reduction directed at the hearing because of block-billing and vagueness.

Christopher P. Simon, Kevin S. Mann, Cross & Simon LLC, Laura Davis Jones, Alan J. Kornfeld, Curtis A. Hehn, Timothy P. Cairns, Pachulski Stang Ziehl & Jones LLP, Wilmington, DE, for Debtors and Debtors in Possession.

Michael S. Etkin, Lowenstein Sandler PC, Roseland, NJ, Bankruptcy Counsel to the Law Firm Defendants.

Samuel H. Rudman, Robbins Geller Rudman & Dowd LLP, Melville, NY, Defendant Pro Se.

Ira A. Schochet, Labaton Sucharow, LLP, New York, NY, Defendant Pro Se.

Thomas G. Amon, Law Offices of Thomas G. Amon, New York, NY, Defendant Pro Se.

Brian J. Robbins, Robbins Umeda LLP, San Diego, CA, Defendant Pro Se.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This opinion is with respect to the law firm defendants' motion for a determination that the claims in this adversary proceeding are non-core. (Doc. # 38.) For the reasons below, I will deny the motion.

### Background

Point Blank Solutions, Inc. ("Point Blank" or "Debtor") commenced this adversary proceeding against Robbins Geller Rudman & Dowd LLP, *et al.* (the "Defendants") seeking to recover $35,200,000 placed in an escrow account (the "Escrowed Funds") pursuant to a pre-petition settlement agreement (the "Settlement Agreement"). The Settlement Agreement, which included a Stipulation and Agreement of Settlement ("Stipulation") and an Escrow Agreement, were submitted to the District Court for the Eastern District of New York (the "EDNY Court") to settle pre-petition consolidated class actions and derivative actions. The parties agreed to settle these actions for $35,200,000, to be held in escrow until "final" judgments approving the Settlement Agreement for both the class and derivative actions. "Final" was defined in the Stipulation as follows:

(a) the date of final affirmance on an appeal of the Judgments, the expiration of the time for a petition for or denial of a writ of certiorari to review the Judgments and, if certiorari is granted, the date of final affirmance of the Judg-

ments following review pursuant to that grant; or (b) the date of final dismissal of any appeal from the Judgments or the final dismissal of any proceeding on certiorari to review the Judgments; or (c) if no appeal is filed, the expiration of the date of the applicable time for the filing or noticing of any appeal from the Judgments.

(Doc. # 41, Ex. E, ¶ 1.17.)

Robbins Geller Rudman & Dowd LLP ("Robbins Geller") was appointed as Escrow Agent for the funds. The EDNY Court provisionally authorized the disbursement of $9,925,000 from the Escrowed Funds to pay attorneys' fees and expenses (the "Fee Award"). Robins Geller continues to hold the balance of the Escrowed Funds.

The EDNY Court entered judgments approving the Settlement Agreement in both the class and derivative actions on July 8, 2008. D. David Cohen, a shareholder of the Debtor, filed an appeal from the settlement of the derivative action to the Court of Appeals for the Second Circuit. While that appeal was pending, on April 14, 2010, Debtor, along with related entities, filed a voluntary petition for bankruptcy relief under chapter 11 of the Bankruptcy Code.

On September 17, 2010 Debtor filed a motion to reject the Settlement Agreement as an executory contract under section 365 of the Bankruptcy Code, 11 U.S.C. § 365, (the "Rejection Motion"). (Case No. 10–11255, Doc. # 589.) In the Rejection Motion, Debtor argued that rejection of the Settlement Agreement would benefit the estate by, *inter alia*, allowing Debtor to recover the Escrowed Funds. (*Id.*, ¶ 5b.) On December 22, 2010 the Court granted the Rejection Motion effective as of the petition date, April 14, 2010 (the "Rejection Order"). (Doc. # 949.)

On September 30, 2010, the Second Circuit vacated the EDNY Court's judgment in the derivative action and remanded to the EDNY Court. Thus, the EDNY Court's judgment never became final.

Debtor subsequently commenced this adversary proceeding. The original complaint sought turnover of the Escrowed Funds, including the Fee Award, under 11 U.S.C. § 542. On December 20, 2010 Mr. Brooks filed a motion in this adversary proceeding seeking the right to intervene. (Doc. # 5.) Attached to the motion is Mr. Brooks' proposed answer and counterclaim. (Doc. # 6, Ex. B.) By his counterclaim, Mr. Brooks claims that he is entitled to $19,325,000 of the Escrowed Funds. Prior to the Court ruling on the motion to intervene, Debtor filed its First Amended Complaint on January 4, 2011 in which it named Mr. Brooks as a defendant. Debtor's First Amended Complaint also added another cause of action for a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that the Escrowed Funds are property of the estate.

On January 20, 2011, David H. Brooks, a party to the Settlement Agreement, filed a proof of claim (No. 541) for "rejection damages" based upon the Rejection Order, in the amount of $19,325,000 plus interest. This is the same amount that Mr. Brooks asserts in his proposed counterclaim.

### Discussion

 To determine whether a claim is "core," the Court will first look at the non-exhaustive list of core proceedings in 28 U.S.C. § 157(b)(2). *In re Exide Technologies*, 544 F.3d 196, 206 (3d Cir.2008). The Court then, on a claim-by-claim basis, conducts a "two-step test, according to which a claim will be deemed core if (1) it invokes a substantive right provided by title 11 or (2) if it is a proceeding, that by its nature, could arise only in the context of a bank-

ruptcy case." *Id.* (internal quotation marks omitted).

The Defendants contend that the claims in this adversary proceeding are non-core, arguing that the real issues underlying the adversary proceeding are "whether the Stipulation has been terminated and whether the terms of the Escrow Agreement require the return of the Escrowed Funds and, if so, who is entitled to the Escrowed Funds." (Doc. # 39, ¶ 29.) Defendants contend that these issues involve state contract law and would exist outside of this Bankruptcy proceeding.

Defendants further contend that, per the Settlement Agreement, these issues are within the jurisdiction of the EDNY Court. In support of this argument, they refer to language in the Settlement Agreement that the Escrowed Funds were deemed to be in *custodia legis* of the EDNY Court and that the parties agreed to "submit to the jurisdiction of the [EDNY District] Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and the Judgments." (Doc. # 39, ¶ 32.)

Defendants conclude that "[i]t is clear that if the Debtor had not filed the Bankruptcy Proceeding any dispute between Point Blank and other parties to the Stipulation and Escrow Agreement regarding the status of the Stipulation and the disposition of the Escrowed Funds would be adjudicated by the EDNY District Court.... Accordingly, there is no doubt that the Declaratory Judgment Claim is 'non-core.'" (*Id.* at ¶ 34.)

As to the turnover claims, Defendants contend that even though these arise under the Bankruptcy Code, they are non-core because there is a bona fide dispute as to whether the Escrowed Funds are part of the bankruptcy estate. (*Id.* at ¶¶ 35–38.)

Defendants' arguments are based on the fundamental assumption that this adversary proceeding involves the implementation or enforcement of the Settlement Agreement. It does not. Instead, this adversary proceeding concerns the consequences of this Court's Rejection Order. Rejection constitutes Debtor's breach of the Settlement Agreement. 11 U.S.C. § 365(g). The question here concerns what affect that breach has on Debtor's rights to the Escrowed Funds.

The Rejection Order itself specifically identifies the connection between rejection and the determination of rights in property. Page 3 of the Rejection Order recites: "Ordered that nothing herein shall be construed as an adjudication of any party's rights with respect or relating to the Escrowed Funds that are the subject of the Complaint for Turnover of Property of the Estate [Doc. # 774], all of which rights are reserved...." The Rejection Order thus identified and reserved the question presented in this adversary proceeding—namely, how the Rejection Order affects the Debtor's rights to the Escrowed Funds.

 The claim for declaratory relief asks this Court to determine Debtor's rights to the Escrowed Funds. It is well established that proceedings to determine what constitutes property of the bankruptcy estate under section 541(a) of the Bankruptcy Code are core proceedings. *Schroeder v. New Century Holdings, Inc. (In re New Century Holdings, Inc.),* 387 B.R. 95, 105 (Bankr.D.Del.2008) ("An action for declaratory relief regarding the debtor's rights to assets is a core proceeding."). That this dispute may involve the application of New York state law does not undermine the core finding. *Crown Village Farm v. ARL, L.L.C. (In re Crown Village Farm, LLC),* 415 B.R. 86, 96 (Bankr.D.Del.2009) ("Although Defendants

are correct that the Adversary Proceeding involves questions of Maryland law, 28 U.S.C. § 157(b)(3) establishes that the presence of issues affected by state law does not alter the core nature of a proceeding. The Adversary Proceeding is nothing if not a proceeding to determine the validity of the Debtor's interest in the Crown Property and is therefore a core proceeding."); *Koken v. Reliance Group Holdings, Inc. (In re Reliance Group Holdings, Inc.)*, 273 B.R. 374, 394–395 (Bankr.E.D.Pa.2002) (proceeding to determine whether property is property of the estate under Bankruptcy Code § 541 is a core proceeding "arising in" a case under title 11, even if the determination rests upon interpretation of state law).

Properly understood in this way, Debtor's claims for declaratory relief and for turnover of estate assets are core proceedings because they are "matters concerning the administration of the estate" and "orders to turn over property of the estate," under 28 U.S.C. § 157(b)(2)(A) and (E). These claims arise directly from the substantive bankruptcy law right to reject executory contracts, a "fundamental issue[ ] of bankruptcy law unique to the Bankruptcy Code." *Republic Underwriters Ins. Co. v. DBSI Republic, LLC (In re DBSI, Inc.)*, 409 B.R. 720, 728 (Bankr. D.Del.2009) (challenges as to the effect of orders under § 365 are core, as "the rejection and assumption and assignment of leases and executory contracts are fundamental issues of bankruptcy law unique to the Bankruptcy Code."); *see also Agent Sys., Inc. v. Capital Metro. Transp. Auth. (In re Agent Sys., Inc.)*, 289 B.R. 828, 833 (Bankr.N.D.Tex.2002) ("by filing a motion to assume the Contract, Debtor triggered this court's core jurisdiction over other proceedings dealing with the same subject matter"); *Liona Corp., N.V. v. PCH Assoc. (In re PCH Assoc.)*, 60 B.R. 870, 872–73 (S.D.N.Y.1986) (adversary proceeding to recharacterize a lease was a core claim because that issue was central to a related § 365 motion).

Additionally, these claims qualify as core because they require this Court to interpret and enforce its Rejection Order, and this Court "plainly [has] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, — U.S. —, 129 S.Ct. 2195, 2205, 174 L.Ed.2d 99 (2009); *see also HHI Formtech, LLC v. Magna Powertrain USA, Inc. (In re Formtech Indus., LLC)*, 439 B.R. 352, 358 (Bankr.D.Del.2010) (finding that the determination of whether a party "can assert setoff and recoupment rights is a core proceeding because it requires the interpretation and enforcement of the Court's Sale Order.")

Finally, I note that Mr. Brooks' rejection damage claim will be addressed as a core matter pursuant to 28 U.S.C. § 157(b)(2)(B). Now as a defendant in this adversary proceeding, Mr. Brooks presumably will pursue his rejection damage claim/counterclaim here as a core matter.

## Conclusion

For the aforementioned reasons, I find that the claims in this adversary proceeding are core and will accordingly deny Defendants' motion.

## ORDER

For the reasons set forth in the Court's memorandum opinion of this date, the law firm defendants' motion (Doc. # 38) for a determination that the claims in this adversary proceeding are non-core is **denied.**