**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1151
_____

IN RE: KENNETH J. TAGGART
                                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Nos. 2:22-cv-00475, 2:22-cv-00586, 2:22-cv-01031)
District Judge: Honorable John M. Younge

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on January 17, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: March 5, 2024)

_____

_____

OPINION[*]

_____

PER CURIAM

Kenneth J. Taggart appeals pro se from the District Court's affirmance of three Bankruptcy Court orders. For the following reasons, we will affirm the District Court's judgment.

I.

In September 2021, Taggart filed a pro se voluntary petition under Chapter 11 of the United States Bankruptcy Code. Taggart's primary assets were several properties, including a rental property on 7242 Saul Street in Philadelphia. Taggart had refinanced the mortgage on the property in 2005, borrowing $120,000 from Chase Bank. Taggart executed a mortgage agreement as security for the loan which gave Chase a first priority mortgage lien against the property. The mortgage agreement included a provision for assignment of rents, which authorized the lender to collect rent from the property if Taggart defaulted on the loan.

Taggart defaulted on the mortgage in 2009. In 2015, Taggart initiated a quiet title action in state court regarding the mortgage. The mortgage was later assigned to AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB ("AJX") in May 2020. In September 2020, AJX sent Taggart a notice of default and intent to

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

foreclose on the property. AJX began foreclosure proceedings in state court the following month. In March 2021, AJX sent the tenants of the property a demand letter to collect the rent and notified Taggart that he could not collect the rent.

After Taggart initiated his bankruptcy proceeding, AJX filed a proof of claim setting out the amount owed under the mortgage and filed a notice of security interest in the rent from the property. AJX then filed two motions in November 2021, seeking: (1) a stay of Taggart's state court quiet title action, which he was still litigating, during the pendency of the Bankruptcy Court proceeding; and (2) turnover of the rent paid by tenants at the property. At a hearing that month, Taggart testified that the property had been occupied by tenants continuously over the past several years, and that those tenants paid their rent on time to Taggart every month. The Bankruptcy Court granted AJX's motions.

AJX then filed a motion to determine the priority of its claim in February 2022, which the Bankruptcy Court also granted. Taggart appealed each of those three decisions, opening three District Court cases. The Bankruptcy Court ultimately dismissed Taggart's petition in May 2022.[1] In December 2022, the District Court dismissed Taggart's three appeals as either moot or meritless. Taggart sought reconsideration, which was denied, and he timely appealed.

II.

---

[1] No rent was ever paid to AJX from the tenants at the property. Taggart turned over a total of three months of rent payments after the Bankruptcy Court granted AJX's motion for turnover of the rents.

We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. We exercise plenary review of a District Court's review of a Bankruptcy Court's orders. In re W.R. Grace & Co., 729 F.3d 311, 319 n.14 (3d Cir. 2013). We review a Bankruptcy Court's factual findings for clear error and exercise plenary review over its legal conclusions. Id.

III.

We agree with the District Court's disposition of Taggart's appeals. First, two of Taggart's appeals became moot after the Bankruptcy Court dismissed Taggart's bankruptcy petition. Generally, a bankruptcy appeal becomes moot if an appellate court is unable to grant effective relief because of events that occurred during the appeal. See United Artists Theatre Co. v. Walton, 315 F.3d 217, 226 (3d Cir. 2003). Here, the stay regarding Taggart's state quiet title action was in place only during the pendency of the bankruptcy proceeding, and the decision regarding the priority of AJX's claim had no effect once Taggart's petition was dismissed without a plan or any conditions in place. Accordingly, both appeals became moot once Taggart's petition was dismissed.

Taggart's remaining appeal challenged the Bankruptcy Court's grant of AJX's motion for turnover of the rent paid by the tenants at the property in dispute, after which Taggart turned over three months of rent to AJX. On appeal, he argues that the Bankruptcy Court lacked jurisdiction to hear the motion because he maintains that it was a "non-core" proceeding that he did not consent to adjudicating before the Bankruptcy Court. He also argues that he was given insufficient notice to argue the issues at a hearing before the motion was granted.

Bankruptcy courts generally have jurisdiction to review four types of cases or

4

proceedings under Chapter 11: "(1) cases under title 11, (2) proceeding[s] arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11." In re Combustion Eng'g, Inc., 391 F.3d 190, 225 (3d Cir. 2004), as amended (Feb. 23, 2005) (alteration in original) (citation omitted). The first three categories are "core" proceedings, while proceedings "relating to" a Chapter 11 case are "non-core" proceedings. Id. In evaluating whether a proceeding is considered "core," courts are instructed to first look to the non-exhaustive list of "core" proceedings enumerated in 28 U.S.C. § 157(b) and then consider whether (1) the proceeding "invokes a substantive right provided by title 11" or (2) whether it is a proceeding that, "by its nature, could arise only in the context of a bankruptcy case." Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999) (citation omitted).

Bankruptcy courts have jurisdiction to determine property of the estate as a core proceeding under Chapter 11. See 28 U.S.C. § 157(b)(2); see also In re Point Blank Solutions Inc., 449 B.R. 446, 449 (Bankr. D. Del. 2011). "Property of the estate consists of all property in which the debtor holds an interest upon the commencement of bankruptcy," and when the issue arises, bankruptcy courts must determine whether assigned rents "become part of [a] bankruptcy estate" such that they could ultimately fund the debtor's reorganization. In re Jason Realty, L.P., 59 F.3d 423, 426 (3d Cir. 1995).

Accordingly, as part of Taggart's bankruptcy proceedings, the Bankruptcy Court had jurisdiction to decide what property would be included in the bankruptcy estate if Taggart were able to reorganize under Chapter 11. It ultimately concluded, after considering the parties' filings and holding a hearing, that the rent proceeds from Taggart's

5

property were not part of the bankruptcy estate. This determination was based on AJX's arguments that it had constructive possession of the rents given the assignment of rents provision in Taggart's mortgage and its notice of default that preceded Taggart's bankruptcy petition. Given the facts presented here, this was a "core" proceeding because the scope of the property of the estate was within those proceedings enumerated by § 157(b) and addresses a substantive right under Chapter 11 during bankruptcy proceedings. Cf. id. at 425 (concluding that a mortgage between a debtor and a bank containing an assignment of rent provision was an absolute assignment, and where the debtor defaulted on the mortgage prior to seeking Chapter 11 relief and the bank notified the tenants, "the rents [were] not property of the estate and [were] not available as cash collateral nor as a funding source for the debtor's reorganization plan"); Com. Bank v. Mountain View Vill., Inc., 5 F.3d 34, 38 (3d Cir. 1993) (affirming a district court decision in a Chapter 11 appeal that rents to a mortgaged property were "not property of the debtor's estate and . . . not available for use in a plan of reorganization"); In re Johnson, 960 F.2d 396, 402 (4th Cir. 1992) (explaining that a claimant to a constructive trust must "prove in a bankruptcy proceeding the existence of a trust and his rights to it" and that accordingly, the "proper forum for determining whether assets held by a debtor are held in constructive trust is the bankruptcy court, and such proceedings must be considered core proceedings").

"[P]roperty interests of mortgagor and mortgagee are created and defined by state law." Com. Bank, 5 F.3d at 37. Provisions for the assignment of rent upon default in a mortgage, like the one at issue here, are recognized under Pennsylvania law. See Metro. Life Ins. Co. v. Liberty Ctr. Venture, 650 A.2d 887, 891 (Pa. Super. Ct. 1994) (explaining

6

that "terms of a mortgage agreement are binding on the parties" and finding that the terms of the mortgage at issue provided "for the appointment of a receiver in the event of a default"). Where a bank holds a mortgage with an assignment of rent provision in the event of default, and the bank enforces that provision after default by sending "notice to the tenants informing them that it would be collecting their rents," it enforces its rights under the mortgage and "obtain[s] constructive possession of the properties and title to the rents." Sovereign Bank v. Schwab, 414 F.3d 450, 453 (3d Cir. 2005).

AJX included supporting documentation with its motion, such as the mortgage, note, assignment of rent provision, and notices to all parties involved. Taggart focuses his arguments on appeal on the Bankruptcy Court's jurisdiction and maintains that it should have permitted the related state court cases to proceed but does not make specific arguments challenging the Bankruptcy Court's ruling on the turnover issue. Under the circumstances of this case, we perceive no error in the Bankruptcy Court's decision.

Finally, Taggart's argument that his due process rights were violated by the Bankruptcy Court's ruling in its decision regarding turnover is not supported by the record. He claims that he received limited notice and had no opportunity to respond to AJX's motion for turnover of rents, but the record shows that the motion for turnover was filed about a month before the Bankruptcy Court held a hearing on the matter, and Taggart had an opportunity to file a written response in opposition to the motion, as well as an opportunity to explain why he disagreed with AJX's position at the hearing. Taggart also sought reconsideration, and the Bankruptcy Court denied that motion after another hearing. Cf. Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("[D]ue process is flexible and

calls for such procedural protections as the particular situation demands.").  Thus, Taggart has not demonstrated that his due process rights were violated by the Bankruptcy Court in this regard.[2]

For these reasons, we will affirm the judgment of the District Court.[3]

---

[2]  Taggart does not discuss the District Court's denials of his motions for reconsideration in his appellate brief.  Accordingly, we do not address those decisions.  See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that litigants forfeit claims that they fail to develop in an opening brief).

[3]  AJX's motion to file a supplemental appendix is granted to the extent that the motion includes documents that were part of the record before the Bankruptcy Court and the District Court.  We note that Appellees may not recover costs for any documents included in the supplemental appendix which are duplicative of documents contained in Appellant's appendix.  To the extent that AJX seeks to expand the record on appeal, the motion is denied.